GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
DIANA FEINSTEIN, SBN 302626
EMILY SAUER, SBN 324695
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7396
Facsimile: (213) 229-6396
cchorba@gibsondunn.com
dfeinstein@gibsondunn.com
esauer@gibsondunn.com

LAUREN R. GOLDMAN (admitted *pro hac vice*)
MICHAEL BRANDON (admitted *pro hac vice*)
200 Park Avenue, New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lgoldman@gibsondunn.com
mbrandon@gibsondunn.com

LUCAS TOWNSEND (admitted *pro hac vice*)
AMANDA STERLING (admitted *pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
ltownsend@gibsondunn.com
asterling@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATALIE DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-04181-SI<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Judge Susan Illston |

Defendant Meta Platforms, Inc., by and through its attorneys, submits its Answer and Affirmative Defenses in response to Plaintiff's Complaint (ECF No. 1).

Except as expressly stated below, Meta denies each and every allegation contained in the Complaint.  Meta states that the headings and defined terms used throughout the Complaint do not constitute well-pled allegations of fact, and that they therefore require no response.  To the extent any response is required, Meta denies the allegations in the headings and defined terms in the Complaint. Meta reserves the right to seek to amend and/or supplement this Answer as necessary.

1.      Meta admits that Plaintiff asserts claims under the Illinois Biometric Information Privacy Act ("BIPA"), but denies that it engaged in any actionable conduct or that Plaintiff is entitled to any relief.  Meta further responds that BIPA's statutory language speaks for itself.  The remaining allegations in this paragraph state legal conclusions to which no response is required.

2.      Meta admits that it owns and operates the online service termed Facebook.

3.      Meta admits that it owns and operates the online service and application termed Messenger, which includes several features and/or functionalities.

4.      Meta admits that Plaintiff asserts claims based on alleged violations of BIPA, but denies that Meta has obtained or possessed any such information from Illinois Facebook or Messenger users or that it has engaged in any actionable conduct or that Plaintiff is entitled to any relief.

5.      Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 5 to the extent they inaccurately quote from and/or mischaracterize the statute. The remaining allegations in this paragraph state legal conclusions to which no response is required.

6.      Meta denies the allegations in Paragraph 6.

7.      Meta responds that the patent and Meta's privacy policies and other disclosures speak for themselves, and denies the allegations in Paragraph 7 to the extent they mischaracterize those materials.  Meta denies all remaining allegations in Paragraph 7.

8.      Meta denies the allegations in Paragraph 8, and avers that it obtains consent for all actions that require consent.

9.      Meta responds that Meta's United States Regional Privacy Notice as revised in January

Gibson, Dunn &
Crutcher LLP

2023 speaks for itself, and denies the allegations in Paragraph 9 to the extent they incorrectly quote from and/or mischaracterize the United States Regional Privacy Notice.  Meta denies all remaining allegations in Paragraph 9.

10.     Meta responds that the allegations in Paragraph 10 state a legal conclusion to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 10.

11.     Meta responds that the allegations in Paragraph 11 state a legal conclusion to which no response is required.  To the extent a response is required, Meta denies the allegations in Paragraph 11.

12.     Meta responds that its United States Regional Privacy Notice speaks for itself and denies the allegations in Paragraph 12 to the extent they incorrectly quote from and/or mischaracterize the United States Regional Privacy Notice.  Meta denies all remaining allegations in Paragraph 12.

13.     Meta denies the allegations in Paragraph 13.

14.     Meta responds that the allegations in Paragraph 14 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta denies the allegations in Paragraph 14.

15.     Meta responds that the allegations in Paragraph 15 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself and denies all remaining allegations in Paragraph 15.

16.     Meta responds that the allegations in Paragraph 16 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself, and denies the allegations in Paragraph 16 to the extent they inaccurately quote from and/or mischaracterize the document.

17.     Meta responds that the allegations in Paragraph 17 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta admits that its 2022 10-K reported more than $113.6 billion in advertising revenues for the year ending December 31, 2022, out of total revenues of

more than $116.6 billion.  Meta otherwise responds that its 2022 10-K speaks for itself, and denies the allegations in Paragraph 17 to the extent they inaccurately quote from and/or mischaracterize the document.

18.     Meta responds that the allegations in Paragraph 18 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta denies the allegations in Paragraph 18.

19.     Meta responds that the allegations in Paragraph 19 relate solely to Plaintiff's claim under BIPA §15(e), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta denies the allegations in Paragraph 19.

20.     Meta responds that the allegations in Paragraph 20 relate solely to Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself, and denies the allegations in Paragraph 20 to the extent they inaccurately quote from and/or mischaracterize the document.

21.     Meta responds that the allegations in Paragraph 21 relate solely to Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself, and denies the allegations in Paragraph 21 to the extent they inaccurately quote from and/or mischaracterize the document.

22.     Meta responds that the allegations in Paragraph 22 relate solely to Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself, and denies the allegations in Paragraph 22 to the extent they inaccurately quote from and/or mischaracterize the document.

23.     Meta responds that the allegations in Paragraph 23 relate solely to Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court, and that accordingly no response is required.  To the extent any response is required, Meta responds that its 2022 10-K speaks for itself,

and denies the allegations in Paragraph 23 to the extent they inaccurately quote from and/or mischaracterize the document.

24.     Meta admits that Plaintiff purports to assert claims on behalf of a class seeking the relief described in Paragraph 24, but denies that Plaintiff or any other member of the putative class is entitled to any relief.  Meta further responds that certain of Plaintiff's claims have been dismissed by the Court.

25.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and on that basis denies them.

26.     Meta admits the allegations in the first sentence of Paragraph 26.  Meta responds that the allegations in the second sentence of Paragraph 26 state a legal conclusion to which no response is required.

27.     Meta responds that the allegations in Paragraph 27 state a legal conclusion to which no response is required.

28.     Meta admits that its headquarters and principal executive offices are located in California.  The remaining allegations in Paragraph 28 state legal conclusions to which no response is required.

29.     Meta admits that its headquarters and principal executive offices are located in California.  The remaining allegations in Paragraph 29 state legal conclusions to which no response is required.

30.     Meta admits that BIPA was enacted in 2008, but denies that Paragraph 30 accurately describes or reflects the totality of the statute.

31.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 31 to the extent they inaccurately paraphrase from and/or mischaracterize the statute.

32.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 32 to the extent they inaccurately quote from and/or mischaracterize the statute.

33.     Meta responds that BIPA's statutory language speaks for itself, and denies the

allegations in Paragraph 33 to the extent they inaccurately quote from and/or mischaracterize the statute.

34.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 34 to the extent they inaccurately quote from and/or mischaracterize the statute.

35.     Meta responds that the cited Seventh Circuit decision speaks for itself, and denies the allegations in Paragraph 35 to the extent they inaccurately quote from and/or mischaracterize that decision.

36.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 36 to the extent they inaccurately quote from and/or mischaracterize the statute.

37.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 37 to the extent they inaccurately quote from and/or mischaracterize the statute.

38.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 38 to the extent they inaccurately quote from and/or mischaracterize the statute.

39.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 39 to the extent they inaccurately quote from and/or mischaracterize the statute.

40.     Meta responds that BIPA's statutory language speaks for itself, and denies the allegations in Paragraph 40 to the extent they inaccurately quote from and/or mischaracterize the statute.

41.     Meta responds that the cited Supreme Court of Illinois decision speaks for itself, and denies the allegations in Paragraph 41 to the extent they inaccurately quote from and/or mischaracterize that decision.

42.     Meta responds that BIPA's statutory language speaks for itself, and denies the

allegations in Paragraph 42 to the extent they inaccurately quote from and/or mischaracterize the statute.

43.     Meta denies the allegations in Paragraph 43.

44.     Meta denies the allegations in Paragraph 44.

45.     Meta responds that the FTC order referenced in Paragraph 45 speaks for itself, and denies the allegations in Paragraph 45 to the extent they inaccurately quote from and/or mischaracterize that document or the underlying FTC proceedings.

46.     Meta responds that the complaint referenced in Paragraph 46 speaks for itself, and denies the allegations in Paragraph 46 to the extent they inaccurately quote from and/or mischaracterize that document or the underlying FTC proceedings.

47.     Meta responds that the orders referenced in Paragraph 47 (inclusive of footnote 7) speak for themselves, and denies the allegations in Paragraph 47 to the extent they inaccurately quote from and/or mischaracterize those documents or the underlying FTC proceedings.

48.     Meta responds that the FTC order referenced in Paragraph 48 speaks for itself, and denies the allegations in Paragraph 48 to the extent they mischaracterize that document or the underlying FTC proceedings.

49.     Meta admits that it was named as a defendant in the litigation referenced in Paragraph 49, and otherwise responds that the documents and filings in that litigation speak for themselves.

50.     Meta admits that it was named as a defendant in the litigation referenced in Paragraph 50, and otherwise responds that the documents and filings in that litigation speak for themselves.

51.     Meta admits that it was named as a defendant in the actions referenced in Paragraph 51, but otherwise denies the allegations in Paragraph 51.

52.     Meta admits the allegations in Paragraph 52. Meta denies that the filing of a patent application provides any basis for Plaintiff's claims in this action.

53.     Meta responds that the patent application referenced in Paragraphs 52 and 53 speaks for itself, and denies the allegations in Paragraph 53 to the extent they inaccurately quote from and/or mischaracterize the patent application.  Meta denies that the filing of a patent application provides any

basis for Plaintiff's claims in this action.

54.     Meta admits the allegations in Paragraph 54.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

55.     Meta responds that the patent referenced in Paragraph 55 speaks for itself, and denies the allegations in Paragraph 55 to the extent they mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 55.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

56.     Meta responds that the patent referenced in Paragraph 56 speaks for itself, and denies the allegations in Paragraph 56 to the extent they inaccurately quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 56.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

57.     Meta responds that the patent referenced in Paragraph 57 speaks for itself, and denies the allegations in Paragraph 57 to the extent they mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 57.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

58.     Meta responds that the patent referenced in Paragraph 58 speaks for itself, and denies the allegations in Paragraph 58 to the extent they mischaracterize the patent.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

59.     Meta responds that the patent referenced in Paragraph 59 speaks for itself, and denies the allegations in Paragraph 59 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

60.     Meta responds that the patent referenced in Paragraph 60 speaks for itself, and denies the allegations in Paragraph 60 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 60.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

61.     Meta responds that the patent referenced in Paragraph 61 speaks for itself, and denies the allegations in Paragraph 61 to the extent they incorrectly quote from and/or mischaracterize the

patent.  Meta otherwise denies the allegations in Paragraph 61.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

62.    Meta responds that the patent referenced in Paragraph 62 speaks for itself, and denies the allegations in Paragraph 62 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 62.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

63.    Meta responds that the patent referenced in Paragraph 63 speaks for itself, and denies the allegations in Paragraph 63 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 63, and denies that the patent provides any basis for Plaintiff's claims in this action.

64.    Meta responds that the patent referenced in Paragraph 64 speaks for itself, and denies the allegations in Paragraph 64 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 64, and denies that the patent provides any basis for Plaintiff's claims in this action.

65.    Meta responds that the patent referenced in Paragraph 65 speaks for itself, and denies the allegations in Paragraph 65 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

66.    Meta responds that the patent referenced in Paragraph 66 speaks for itself, and denies the allegations in Paragraph 66 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

67.    Meta admits the allegations in Paragraph 67.  Meta denies that the filing of a patent application provides any basis for Plaintiff's claims in this action.

68.    Meta admits the allegations in Paragraph 68.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

69.    Meta responds that the patent referenced in Paragraph 69 speaks for itself, and denies the allegations in Paragraph 69 to the extent they mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 69.  Meta denies that the patent provides any basis for Plaintiff's claims in

this action.

70.     Meta admits the allegations in Paragraph 70.  Meta denies that the filing of a patent application provides any basis for Plaintiff's claims in this action.

71.     Meta admits the allegations in Paragraph 71.  Meta denies that the patent provides any basis for Plaintiff's claims in this action.

72.     Meta responds that the patent referenced in Paragraph 72 speaks for itself, and denies the allegations in Paragraph 72 to the extent they incorrectly quote from and/or mischaracterize the patent.  Meta otherwise denies the allegations in Paragraph 72, and denies that the patent provides any basis for Plaintiff's claims in this action.

73.     Meta admits the allegations in Paragraph 73.  Meta denies that the filing of a patent application provides any basis for Plaintiff's claims in this action.

74.     Meta responds that the patent application referenced in Paragraph 74 speaks for itself, and denies the allegations in Paragraph 74 to the extent they incorrectly quote from and/or mischaracterize the patent application.  Meta otherwise denies the allegations in Paragraph 74, and denies that the filing of a patent application provides any basis for Plaintiff's claims in this action.

75.     Meta admits that it receives audio input from Facebook and Messenger users that may contain users' voices through video posting to Facebook, transmission of audio and/or video clips as message attachments via Messenger, and audio and video calling.  Meta otherwise denies the allegations in Paragraph 75.

76.     Meta admits that it may receive audio input from users when Facebook or Messenger users utilize the features referenced in Meta's response to Paragraph 75.  Meta otherwise denies the allegations in Paragraph 76.

77.     Meta denies that it receives audio input that it knows or determines to be from Facebook or Messenger users through third party sources.

78.     Meta admits that the audio input it receives from a Facebook or Messenger user includes whatever that user records (or, in the event of live calling, whatever the user captures during transmission), including but not limited to human voices, animal sounds, music, and background noise

such as sirens.  Meta denies that the audio input it receives from Facebook or Messenger users necessarily contains recordings of voices, whether from users or any other persons.

79.    Meta admits that Facebook and Messenger users cannot use the full range of voice-related features on Facebook or Messenger unless they enable the technological permissions required for Meta to receive the necessary audio input, including (in some cases) by allowing the Facebook or Messenger application to access the microphone on a user's device.  Meta responds that the pop-up message referenced in Paragraph 79 speaks for itself, and denies the allegations in Paragraph 79 to the extent they mischaracterize that message.  Meta denies that it offers a voice searching feature to U.S. users on Facebook or Messenger.

80.    Meta responds that the pop-up message referenced in Paragraph 80 speaks for itself, and denies the allegations in Paragraph 80 to the extent they mischaracterize that message.

81.    Meta denies the allegations in Paragraph 81.

82.    Meta denies the allegations in Paragraph 82.

83.    Meta admits that it receives audio input from Facebook and Messenger users, which may or may not include recordings of one or more speakers' voices.  Meta otherwise denies the allegations in Paragraph 83.

84.    Meta denies the allegations in Paragraph 84.

85.    Meta denies the allegations in Paragraph 85.

86.    Meta denies the allegations in Paragraph 86.

87.    Meta denies the allegations in Paragraph 87.

88.    Meta denies the allegations in Paragraph 88.

89.    Meta denies the allegations in Paragraph 89.

90.    Meta denies the allegations in Paragraph 90.

91.    Meta denies the allegations in Paragraph 91.

92.    Meta responds that the United States Regional Privacy Notice referenced in Paragraph 92 speaks for itself, and denies the allegations in Paragraph 92 to the extent they incorrectly quote from and/or mischaracterize the United States Regional Privacy Notice.

93. Meta responds that the allegations in Paragraph 93 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 93.

94. Meta responds that the allegations in Paragraph 94 state a legal conclusion to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 94, and on that basis denies them.

95. Meta responds that the allegations in Paragraph 95 state a legal conclusion to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 95, and on that basis denies them.

96. Meta responds that the allegations in Paragraph 96 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies that it violated BIPA.

97. Meta responds that the allegations in Paragraph 97 relate solely to Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court, and that accordingly no response is required. To the extent any response is required, Meta denies the allegations in Paragraph 97.

98. Meta responds that the materials referenced in Paragraph 98 speak for themselves. Meta otherwise denies the allegations in Paragraph 98, except admits that Meta attempts to provide Facebook and Messenger users with clear and easy access to information about the data it collects, among other privacy-related topics.

99. Meta responds that the materials referenced in Paragraph 98 (incorporated by reference in Paragraph 99) speak for themselves. Meta otherwise states that the allegations in Paragraph 99 state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 99.

100. Meta responds that the "Privacy Center" within Meta's website speaks for itself, and denies the allegations in Paragraph 100 to the extent they mischaracterize the Privacy Center or the disclosures therein.

101. Meta responds that the "Privacy Center" within Meta's website speaks for itself, and

denies the allegations in Paragraph 101 to the extent they incorrectly quote from and/or mischaracterize the Privacy Center or the disclosures therein.

102. Meta responds that the webpage referenced in Paragraph 102 speaks for itself, and denies the allegations in Paragraph 102 to the extent they incorrectly quote from and/or mischaracterize that webpage.

103. Meta responds that the webpage referenced in Paragraph 103 speaks for itself, and denies the allegations in Paragraph 103 to the extent they incorrectly quote from and/or mischaracterize that webpage.

104. Meta responds that the webpage referenced in Paragraph 104 speaks for itself, and denies the allegations in Paragraph 104 to the extent they mischaracterize that webpage.  To the extent Paragraph 104 refers to and incorporates by reference the allegations in Section V.B (Paragraphs 111-115) of the Complaint, Meta refers to and incorporates by reference its responses to Paragraphs 111-115.

105. Meta responds that the webpage referenced in Paragraph 105 speaks for itself, and denies the allegations in Paragraph 105 to the extent they incorrectly quote from and/or mischaracterize that webpage.

106. Meta responds that the webpage referenced in Paragraph 106 speaks for itself, and denies the allegations in Paragraph 106 to the extent they incorrectly quote from and/or mischaracterize that webpage.

107. Meta responds that the webpage referenced in Paragraph 107 speaks for itself, and denies the allegations in Paragraph 107 to the extent they incorrectly quote from and/or mischaracterize that webpage.

108. Meta responds that the webpage referenced in Paragraph 108 speaks for itself, and denies the allegations in Paragraph 108 to the extent they incorrectly quote from and/or mischaracterize that webpage.

109. Meta responds that the webpage referenced in Paragraph 109 speaks for itself, and denies the allegations in Paragraph 109 to the extent they incorrectly quote from and/or mischaracterize

that webpage.

110. Meta responds that the Privacy Center on its website speaks for itself. Meta denies the allegations in Paragraph 110 to the extent they incorrectly quote from and/or mischaracterize that webpage, but admits that the user-generated content discussed in the Privacy Center does not amount to "voiceprints or biometric information."

111. Meta responds that its website speaks for itself. Meta denies the allegations in Paragraph 111 to the extent they incorrectly quote from and/or mischaracterize its website, but admits that user-generated content does not amount to "voiceprints or biometric information."

112. Meta responds that its website speaks for itself. Meta denies the allegations in Paragraph 112 to the extent they incorrectly quote from and/or mischaracterize its website, and expressly denies the implication that Meta shows the user only "what information Meta is willing to provide the user."

113. Meta responds that its website speaks for itself, and denies the allegations in Paragraph 113 to the extent they incorrectly quote from and/or mischaracterize the website.

114. Meta responds that its website speaks for itself, and denies the allegations in Paragraph 114 to the extent they incorrectly quote from and/or mischaracterize the website.

115. Meta responds that its website speaks for itself, and denies the allegations in Paragraph 115 to the extent they mischaracterize the website.

116. Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 116 to the extent they mischaracterize the Privacy Policy.

117. Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 117 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

118. Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 118 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

119. Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 119 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

120. Meta responds that its Privacy Policy speaks for itself, and denies the allegations in

Paragraph 120 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

121.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 121 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

122.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 122 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

123.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 123 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

124.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 124 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

125.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 125 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

126.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 126 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

127.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 127 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

128.    Meta responds that its Privacy Policy speaks for itself, and denies the allegations in Paragraph 128 to the extent they incorrectly quote from and/or mischaracterize the Privacy Policy.

129.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 129 to the extent they incorrectly quote from and/or mischaracterize that notice.

130.    Meta responds that its California Privacy Notice speaks for itself, and denies the allegations in Paragraph 130 to the extent they incorrectly quote from and/or mischaracterize that notice.

131.    Meta responds that its Privacy Policy (including the linked materials referenced in Paragraph 131) speaks for itself, and denies the allegations in Paragraph 131 to the extent they incorrectly quote from and/or mischaracterize those materials.

132.    Meta admits that the United States Regional Privacy Notice referenced in Paragraph

Gibson, Dunn &
Crutcher LLP

132 (and linked in footnote 42) became effective on July 1, 2023. Meta otherwise responds that the respective versions of the notice speak for themselves, and denies the allegations in Paragraph 132 to the extent they incorrectly quote from and/or mischaracterize those materials.

133.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 133 to the extent they incorrectly quote from and/or mischaracterize the notice.

134.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 134 to the extent they incorrectly quote from and/or mischaracterize the notice.

135.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 135 to the extent they incorrectly quote from and/or mischaracterize the notice.

136.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 136 to the extent they incorrectly quote from and/or mischaracterize the notice.

137.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 137 to the extent they incorrectly quote from and/or mischaracterize the notice.

138.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 138 to the extent they incorrectly quote from and/or mischaracterize the notice.

139.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 139 to the extent they incorrectly quote from and/or mischaracterize the notice.

140.    Meta responds that the communications referenced in the Complaint speak for themselves, and deny the allegations in Paragraph 140 to the extent they mischaracterize those communications.

141.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 141 to the extent they incorrectly quote from and/or mischaracterize the notice.

142.    Meta responds that its various privacy policies and disclosures speak for themselves, and denies the allegations in Paragraph 142 to the extent they mischaracterize those privacy policies and disclosures.  Meta otherwise denies the allegations in Paragraph 142.

143.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 143 to the extent they incorrectly quote from and/or mischaracterize the notice.

144.    Meta responds that its United States Regional Privacy Notice speaks for itself, and denies the allegations in Paragraph 144 to the extent they mischaracterize the notice.  Meta otherwise denies the allegations in Paragraph 144.

145.    Meta responds that its United States Regional Privacy Notice speaks for itself, and otherwise denies the allegations in Paragraph 145.

146.    Meta responds that the allegations in Paragraph 146 state a legal conclusion to which no response is required.  To the extent a response is required, Meta admits that BIPA requires regulated actors to make disclosures and obtain consent before collecting data that is subject to BIPA.  Meta denies that there are no circumstances under which an Illinois resident who does not wish to consent to collection and use of biometric data might have to take action of some kind.

147.    Meta denies the allegations in Paragraph 147.

148.    Meta admits that Plaintiff has a Facebook account and has utilized Meta's Messenger services.

149.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 and on that basis denies them.

150.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 and on that basis denies them.

151.    Meta denies the allegations in Paragraph 151.

152.     Meta denies the allegations in Paragraph 152.

153.     Meta admits that Plaintiff purports to bring this action on behalf of the class defined in Paragraph 153.  Meta denies that this action may properly be maintained as a class action, that the definition is appropriate, or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  Meta otherwise denies the allegations in Paragraph 153.

154.     Meta admits that Paragraph 154 purports to set forth a list of exclusions from the proposed class definition.  Meta denies that this action may properly be maintained as a class action, that the definition is appropriate, or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.

155.     Meta denies the allegations in Paragraph 155.

156.     Meta admits that Plaintiff purports to reserve the right described in Paragraph 156.  Meta denies that this action may properly be maintained as a class action, that the definition is appropriate or could be redefined in a way that is appropriate, or that any amended or modified class definition could satisfy the requirements of Federal Rule of Civil Procedure 23.

157.     Meta admits that Plaintiff purports to describe a proposed class with a Class Period that is the period within the statute of limitations for this action and extending until a Class is certified as described in Paragraph 157.  Meta denies that this action may properly be maintained as a class action, that the definition is appropriate, or that the proposed class otherwise meets the requirements of Federal Rule of Civil Procedure 23.

158.     Meta denies the allegations in Paragraph 158.

159.     Meta denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations in Paragraph 159 state conclusions of law, no response is required, but if any response is required, Meta denies them.  Meta otherwise denies the allegations in Paragraph 159.

160.     Meta denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations in Paragraph 160 state conclusions of law, no response is required, but if any response is required, Meta

denies them.  Meta otherwise denies the allegations in Paragraph 160.

161.    Meta denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations in Paragraph 161 state conclusions of law, no response is required, but if any response is required, Meta denies them.  Meta otherwise denies the allegations in Paragraph 161.

162.    Meta denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations in Paragraph 162 state conclusions of law, no response is required, but if any response is required, Meta denies them.  Meta otherwise denies the allegations in Paragraph 162.

163.    Meta denies that this action may be properly maintained as a class action or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23.  To the extent the allegations in Paragraph 163 state conclusions of law, no response is required, but if any response is required, Meta denies them.  Meta otherwise denies the allegations in Paragraph 163.

164.    Meta denies that this action may be properly maintained as a class action on particular issues or that it otherwise meets the requirements of Federal Rule of Civil Procedure 23(c)(4).  To the extent the allegations in Paragraph 164 state conclusions of law, no response is required, but if any response is required, Meta denies them.  Meta otherwise denies the allegations in Paragraph 164.

165.    Meta incorporates by reference its responses and denials set forth above.

166.    Meta responds that the allegations in Paragraph 166 state a legal conclusion to which no response is required, but if a response is required, Meta denies them.

167.    Meta denies the allegations in Paragraph 167.

168.    To the extent the allegations in Paragraph 168 state a legal conclusion, no response is required, but if a response is required, Meta denies them.  Meta otherwise admits that it did not develop or publish a written policy setting forth a retention schedule and destruction guidelines for biometric information that Meta does not collect.

169.    Meta responds that its privacy policy and related materials speak for themselves, and denies the allegations in Paragraph 169 to the extent they incorrectly quote from and/or mischaracterize

those materials.

170. Meta denies the allegations in Paragraph 170.

171. Meta denies the allegations in Paragraph 171.

172. Meta denies the allegations in Paragraph 172.

173. Meta denies the allegations in Paragraph 173.

174. Meta admits that Plaintiff seeks the damages and other remedies discussed in the allegations in Paragraph 174, but denies that Plaintiff or other members of the putative class are entitled to any of those damages and remedies.

175. Meta incorporates by reference its responses and denials set forth above.

176. Meta denies the allegations in Paragraph 176.

177. Meta admits that it did not obtain a written release from Plaintiff or other members of the putative class about the collection, capturing, purchasing, receiving through trade, or obtaining of voiceprints or related biometric information that Meta does not collect, capture, purchase, receive through trade, or obtain. Meta further denies that Plaintiff or other members of the putative class did not execute a written release related to Meta's collection, capturing, purchasing, receiving through trade, or otherwise obtaining all data that Plaintiff alleges constitutes a voiceprint of related biometric information.

178. To the extent the allegations in Paragraph 178 state a legal conclusion, no response is required, but if a response is required, Meta denies them. Meta otherwise admits that it did not inform Plaintiff or other members of the putative class about the collection of biometric information that Meta does not collect.

179. Meta denies the allegations in Paragraph 179.

180. Meta admits upon information and belief that BIPA went into effect in 2008, but denies the remaining allegations in Paragraph 180.

181. Meta denies the allegations in Paragraph 181.

182. Meta denies the allegations in Paragraph 182.

183. Meta admits that Plaintiff seeks the damages and other remedies discussed in the

allegations in Paragraph 183, but denies that Plaintiff or other members of the putative class are entitled to any of those damages and remedies.

184.     Meta incorporates by reference its responses and denials set forth above.

185.     Meta responds that the allegations in Paragraph 185 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

186.     Meta responds that the allegations in Paragraph 186 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

187.     Meta responds that the allegations in Paragraph 187 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

188.     Meta responds that the allegations in Paragraph 188 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

189.     Meta responds that the allegations in Paragraph 189 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

190.     Meta responds that the allegations in Paragraph 190 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

191.     Meta responds that the allegations in Paragraph 191 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

192.     Meta responds that the allegations in Paragraph 192 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-04181-SI

193.    Meta responds that the allegations in Paragraph 193 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

194.    Meta responds that the allegations in Paragraph 194 are stated in support of Plaintiff's claim under BIPA § 15(c), which has been dismissed by the Court and to which no response is thus required.

195.    Meta incorporates by reference its responses and denials set forth above.

196.    Meta responds that the allegations in Paragraph 196 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

197.    Meta responds that the allegations in Paragraph 197 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

198.    Meta responds that the allegations in Paragraph 198 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

199.    Meta responds that the allegations in Paragraph 199 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

200.    Meta responds that the allegations in Paragraph 200 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

201.    Meta responds that the allegations in Paragraph 201 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus required.

202.    Meta responds that the allegations in Paragraph 202 are stated in support of Plaintiff's claim under BIPA § 15(e), which has been dismissed by the Court and to which no response is thus

1   required.

## RESPONSE TO PRAYER FOR RELIEF

Meta denies that it has engaged in the wrongdoing alleged in the Complaint, denies that it has violated BIPA, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals, and denies that Plaintiff or any member of the putative class is entitled to any relief.  Meta denies any remaining allegations in the Prayer for Relief.

## RESPONSE TO JURY DEMAND

Meta admits that Plaintiff requests a trial by jury on all claims that can be so tried.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof not otherwise legally assigned to it, Meta asserts the following separate and additional defenses to the Complaint brought against it:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action asserted therein, fail to state a claim upon which relief can be granted.  Among other deficiencies in the Complaint, the conduct that Meta undertakes with respect to audio data from members of the putative Class is not regulated or prohibited by BIPA.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to seek the relief demanded because, for example, Plaintiff has not suffered a sufficient injury in fact from the conduct alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred in whole or in part by estoppel, laches, unclean hands, or other equitable defenses.  Plaintiff's allegations could be construed to imply that Meta's mere receipt of audio input that may contain voice recordings from Illinois users constitutes voiceprinting.  Upon information and belief, including based on Plaintiff's allegations, Plaintiff and/or members of the asserted putative

class voluntarily operated their own devices and never objected to the conduct alleged in the Complaint before the filing of this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and/or members of the asserted putative class failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff and/or members of the asserted putative class should be reduced accordingly.  Plaintiff's allegations could be construed to imply that Meta's mere receipt of audio input that may contain voice recordings from Illinois users constitutes voiceprinting.  Upon information and belief, Meta alleges that, among other things, Plaintiff and members of the asserted putative class failed to mitigate any damages by continuing to use Facebook and/or Messenger, by continuing to use features and/or functions to submit audio input containing their voice recordings to or through Meta's servers, and/or by taking or failing to take other conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's allegations could be construed to imply that Meta's mere receipt of audio input that may contain voice recordings from Illinois users constitutes voiceprinting.  Upon information and belief, Meta alleges that Plaintiff and members of the asserted putative class consented to and, in some cases, participated in Meta's receipt of such audio input, which is the conduct of which they now complain.  Upon information and belief, Meta alleges that the Complaint and each purported cause of action alleged therein are thus barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

The Complaint and each purported cause of action alleged therein are barred to the extent that Meta's conduct was not the actual or proximate cause of any loss suffered by Plaintiff and/or members of the asserted putative class.

### SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's allegations could be construed to imply that Meta's mere receipt of audio input that may contain voice recordings from Illinois users constitutes voiceprinting. Upon information and belief, Meta alleges that Plaintiff and members of the asserted putative class consented to and, in some cases, participated in the conduct of which they now complain. Meta further alleges that the Complaint and each purported cause of action alleged therein are thus barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

### (Intervening Acts and/or Omissions)

Meta alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class and/or persons who acted on their behalf), for whose conduct Meta is not legally responsible, which intervened between the alleged acts and/or omissions of Meta and the alleged damages of Plaintiff and/or members of the asserted putative class. The alleged damages, if any, are therefore not recoverable from Meta. In the alternative, any damages which Plaintiff and/or members of the asserted putative class may be entitled to recover against Meta must be reduced to the extent that such damages are attributable to persons or entities other than Meta.

### NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault or Offset)

Meta alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff and/or members of the asserted putative class and/or persons who acted on their behalf), for whose conduct Meta is not legally responsible. Therefore, if Plaintiff and/or members of the asserted putative class are found to be entitled to recover any of the alleged damages, Meta's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Meta.

**TENTH AFFIRMATIVE DEFENSE**

**(Improper Class Action)**

Plaintiff may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues, liability and damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be manageable, and a class action is not a superior method for adjudicating the purported claims set forth in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Impropriety of Injunctive Relief)**

Meta alleges as an affirmative defense that the putative class asserted in the Complaint is inappropriate for class certification because Meta has not acted or refused to act on grounds that apply generally to the class, and neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the class as a whole. Meta also alleges that to the extent Plaintiff is seeking injunctive relief, such relief is barred because Plaintiff and/or members of the asserted putative class have not suffered irreparable harm and/or there is no real or immediate threat of injury.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality)**

Meta alleges as an affirmative defense that any award of statutory damages would constitute an unconstitutional penalty on the facts of this case and would be grossly excessive given that Plaintiff and other members of the putative class suffered no actual injuries. The statutory damages Plaintiff seeks would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as multiple provisions of the Illinois Constitution. Meta also asserts that BIPA is unconstitutionally vague under the First and Fourteenth Amendments to the U.S. Constitution and comparable provisions of the Illinois Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Commerce Clause)

Meta alleges as an affirmative defense that BIPA is unconstitutional as Plaintiff seeks to have it applied in this case to the extent its application would violate the dormant Commerce Clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

Plaintiff's claim fails because BIPA does not have extraterritorial effect, and Plaintiff cannot demonstrate that the alleged BIPA violation took place primarily and substantially in Illinois.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred in whole or in part by Meta's good faith and its absence of negligent, reckless, or intentional conduct.  To the extent that BIPA applies to any conduct that Meta actually undertook, Meta is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language, and because of Meta's belief that it was not capturing, collecting, retaining, disseminating, or otherwise using consumers' biometrics.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Biometric Information)

Plaintiff's claims are barred because any information collected from Plaintiff and the putative class does not constitute "biometric information" or "biometric identifiers" under BIPA.

DATED: March 29, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Christopher Chorba*
Christopher Chorba

*Attorneys for Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 3:23-CV-04181-SI

Gibson, Dunn & Crutcher LLP