UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 23-cv-04181-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 78 |

The parties have met and conferred and, with the Court's permission, have filed a lengthy joint statement regarding their discovery dispute. *See* Dkt. No. 78.

## BACKGROUND

Plaintiff Natalie Delgado is a citizen of Illinois who has a Facebook account and utilizes the Messenger application, both of which are owned and operated by defendant Meta Platforms, Inc. ("Meta"). Dkt. No. 1 ("Compl.") ¶¶ 25, 148. According to the complaint, on multiple occasions in 2023, 2022, and "throughout the Class Period, Plaintiff has, for personal use, input her voice into an audio function on Facebook or Messenger, including, *inter alia*, to dictate text messages to send via Messenger, sending an audio recording of her voice via Messenger, and making audio calls via Messenger." *Id.* ¶ 149. Plaintiff alleges that during the class period "Meta created, collected, captured, received through trade, stored, and/or otherwise obtained Plaintiff's voiceprint and related biometric information[,]" without complying with the requirements of Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq. Id.* ¶ 151. Plaintiff sues on behalf of herself and a putative class consisting of: "All natural persons in Illinois from whom Meta created, collected, captured, received, obtained, or stored Digital Voice Data, Voice Characteristics, and/or

1  a Voice Profile." *Id.* ¶ 153. The Class Period alleged in the complaint "is that period within the

2  statute of limitations for this action and extending until a Class is certified herein." *Id.* ¶ 157.

3        Plaintiff filed suit on August 16, 2023. Dkt. No. 1. On February 27, 2024, the Court granted

4  in part and denied in part Meta's motion to dismiss the complaint. Dkt. No. 55. Plaintiff elected

5  not to amend her complaint. Accordingly, what remain are Counts I and II, which allege violations

6  of BIPA Sections 15(a) and (b). In Count I, plaintiff alleges that "[d]uring the Class Period, Meta

7  did not develop a written policy, made available to the public, establishing a retention schedule and

8  guidelines for permanently destroying biometric identifiers and biometric information to occur by

9  the earlier of: (a) when the original purpose for collecting or obtaining such identifiers has been

10 satisfied, or (b) within 3 years of the individual's last interaction with the private entity, as required

11 by 740 ILCS 14/15(a)." Compl. ¶ 168. In Count II, plaintiff alleges that "[d]uring the Class Period,

12 Meta collected, captured, received through trade, and/or otherwise obtained the voiceprints and

13 related biometric information of Plaintiff and the Class" without properly informing plaintiff and

14 the class in writing and without obtaining a written release, in violation of 740 ILCS 14/15(b). *Id.*

15 ¶¶ 178-179.

16       On December 26, 2024, the parties filed the present discovery dispute statement. Dkt. No.

17 78 ("Joint Statement"). The deadline for completion of non-expert discovery is May 2, 2025. Dkt.

18 No. 63 at 2.

**LEGAL STANDARD**

21       In general, parties may obtain discovery regarding any matter, not privileged, that is

22 "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R.

23 Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the

24 amount in controversy, the parties' relative access to relevant information, the parties' resources,

25 the importance of the discovery in resolving the issues, and whether the burden or expense of the

26 proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence

27 to be discoverable. *Id.*

**DISCUSSION**

The parties have reached impasse with regard to Meta's responses to Interrogatories 4-7 and Requests for Production 3, 4, and 6. "Plaintiff seeks evidence related to Meta's *ability* to identify people using Digital Voice Data, both in terms of (1) what Meta could do and (2) actual instances where Meta has identified people using Digital Voice Data during the Class Period." Joint Statement at 5. She argues that Meta has improperly limited its responses to scenarios where Meta has technology "'set up' or . . . applied . . . to use, process, or analyze audio input of *Illinois* Facebook or Messenger users' voices." *Id.* Meta's position is that the disputed requests seek something "wholly outside the scope of BIPA: whether Meta has technology that could use the voice recordings it collects *not* to *identify* someone, thereby rendering the recordings voiceprints, but rather to 'create' *other data* that *in turn* could be used to identify someone." *Id.* at 11.

At the outset, the Court agrees with plaintiff's observation that Meta raises legal issues better suited for resolution on summary judgment. The Court is reticent to wade too far into these questions at this stage, before the close of discovery. Both sides rely on the Ninth Circuit's decision in *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117 (9th Cir. 2024), which issued after this Court's ruling on the motion to dismiss. There, the Ninth Circuit affirmed summary judgment in favor of Meta, after a plaintiff who was not a Facebook user sued under BIPA based on Meta's creation of "face signatures" from photos the plaintiff's friends had uploaded to Facebook. The Ninth Circuit found there was "no material dispute of fact about whether face signatures can identify a person." *Id.* at 1125 (citation omitted). They couldn't. Accordingly, the face signatures at issue were "not biometric identifiers or biometric information as defined by BIPA." *Id.* at 1126. The Ninth Circuit found "particularly persuasive" a district court case out of Illinois which "recognized that, even if a company *does not* use face scans to identify a person, BIPA applies if it *could*." *Id.* at 1125 (citing *Hazlitt v. Apple*, 500 F. Supp. 3d 738 (S.D. Ill. 2020)).

The Court emphasizes that *Zellmer* was decided at summary judgment, *after* the parties had engaged in discovery. The *Zellmer* court reached its conclusion following an independent review of the record, analyzing in detail Meta's process for creating, utilizing, and storing "face signatures." *See id.* at 1125-26. The Court therefore agrees with plaintiff's position that "whether the data at

issue is *capable* of being used to identify a person is a fundamental issue to be explored in discovery." *See* Joint Statement at 6-7. Accordingly, the Court disapproves of Meta limiting its discovery responses to whether it has technology "set up" to use on voice recordings obtained from Illinois Facebook or Messenger users only. *See id.* at 9.

The Court ORDERS Meta to supplement its responses to Interrogatories 4-7 and RFPs 3, 4, and 6. The Court overrules Meta's objections limiting its responses only to technology that has been "set up" for Illinois Facebook or Messenger users. Where called for, Meta shall respond to the requests without limiting the response to technology that has been "set up" for such use and without limiting the response to *Illinois* Facebook or Messenger users. The Court further overrules Meta's objection to the extent the requests "call[] for information concerning processing or analysis that does not involve biometrics[.]" *See, e.g., id.*, Ex. 3 at 12 (Response to Interrogatory No. 4).

The Court agrees that discovery responses may be limited to the Class Period, and there no longer appears to be a dispute in that regard.[1] *See* Joint Statement at 8.

The Court does not at this time expressly reach the question of whether requests for production may properly encompass information regarding voice recordings collected from users of Meta products other than Facebook and Messenger. Meta objects that, given the breadth of its company and the numerous services and products it owns besides Facebook and Messenger, responding to this request would be excessively disproportional. *See id.* at 20. Plaintiff states that she is "open to discussing ways to limit or phase the discovery[.]" *Id.* at 10. The present discovery dispute statement, though lengthy, is short on specifics regarding the burden on Meta. Having provided the above guidance on the proper scope of discovery, the Court now orders the parties to meet and confer on any remaining disputes, including the question of how to limit the burden on Meta and how best to prioritize or phase discovery. It may be that responding to relevant discovery requests will place a considerable burden on Meta. However, burden alone may not justify a failure to respond. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming undue burden or expense ordinarily has far better information—perhaps the only

---

[1] Should a dispute remain regarding the relevant time period, the parties are ordered to meet and confer on this point. If disagreement remains, they may seek further guidance from the Court.

information—with respect to that part of the determination. . . .  In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so.").

In its discretion, the Court denies plaintiffs' request for an award of attorneys' fees and expenses at this juncture.  *See* Joint Statement at 10.  This denial is without prejudice to plaintiff seeking fees in the future, should circumstances warrant.

## CONCLUSION

Meta is ORDERED to supplement its responses to Interrogatories 4-7 and Requests for Production 3, 4, and 6 in accordance with the above guidance.  **Meta's supplemental responses are due no later than February 14, 2025, unless one or both sides request an alternative deadline.**

**IT IS SO ORDERED**.

Dated: January 28, 2025

_____
SUSAN ILLSTON
United States District Judge

5