UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE DELGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 23-cv-04181-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**<br><br>Re: Dkt. No. 104 |

Defendant Meta Platforms, Inc. ("Meta") moves for leave to amend its answer. Dkt. No. 104. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 1, 2025. Dkt. No. 110. For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

Plaintiff Natalie Delgado is a citizen of Illinois who has a Facebook account and utilizes the Messenger application, both of which are owned and operated by defendant Meta. Dkt. No. 1 ("Compl.") ¶¶ 25, 148. Plaintiff alleges that during the class period "Meta created, collected, captured, received through trade, stored, and/or otherwise obtained Plaintiff's voiceprint and related biometric information[,]" without complying with the requirements of Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq. Id.* ¶ 151. Plaintiff sues on behalf of herself and a putative class consisting of: "All natural persons in Illinois from whom Meta created, collected, captured, received, obtained, or stored Digital Voice Data, Voice Characteristics, and/or a Voice Profile." *Id.* ¶ 153.

Plaintiff filed suit on August 16, 2023. Dkt. No. 1. On February 27, 2024, the Court granted

1  in part and denied in part Meta's motion to dismiss the complaint. Dkt. No. 55. Plaintiff elected
2  not to amend her complaint. Accordingly, what remain are Counts I and II, which allege violations
3  of BIPA Sections 15(a) and (b). On March 29, 2024, defendant answered the complaint. Dkt. No.
4  57. On May 10, 2024, the Court approved the parties' proposed case schedule. Dkt. No. 63.
5  Pursuant to that schedule, the deadline to amend pleadings was July 17, 2024. *Id.* at 2.

6  On June 17, 2025, defendant moved for leave to amend its answer to add two defenses,
7  invoking Sections 25(c) and 25(e) of BIPA. Dkt. No. 104. Plaintiff opposes, and defendant has
8  filed a reply. Dkt. Nos. 107, 108.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a scheduling order may not be modified without a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the "diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the degree of prejudice to the opposing party may "supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* If the party can show good cause, they must also demonstrate amendment is proper under Rule 15(a)(2). *Id.* at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors courts weigh in determining whether leave should be granted under Rule 15(a)(2) include undue delay, bad faith, futility, and prejudice to the opposing party. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 890 (9th Cir. 1999); *see also Hurn v. Retirement Fund Tr. of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981). However, "prejudice to the opposing party" is the most important factor under a Rule 15(a)(2) analysis. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "Leave to amend is generally within the discretion of the district court." *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)).

**DISCUSSION**

Defendant seeks to amend its answer to add a Seventeenth and Eighteenth affirmative defense, relying on BIPA Sections 25(c) and (e). *See* Dkt. No. 104-2, Feinerman Decl., Ex. A at 36-37. Section 25 of BIPA, titled "Construction," states in relevant part:

> (c) Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder.
> . . .
> (e) Nothing in this Act shall be construed to apply to a contractor, subcontractor, or agent of a State agency or local unit of government when working for that State agency or local unit of government.

740 ILCS 14/25 (c), (e). With these defenses, "Meta plans to contend that it is not a 'private entity' under [BIPA] because it is (i) an affiliate of a financial institution whose licensed products are subject to the GLBA (Section 25(c)) and (ii) a government contractor (Section 25(e))." Dkt. No. 104, Mot. at 2. More specifically, defendant states that discovery will demonstrate that "Meta is an affiliate of Meta Payments, Inc., which is a financial institution, as defined by GLBA, with respect to its licensed products and services that are subject to GLBA." *Id.* at 5-6. Defendant plans to raise this argument in an early motion for summary judgment. *Id.* at 4 n.2. If that motion is denied, then defendant alternatively expects to show that "Meta's subsidiaries have entered into contracts rendering them government contractors, therefore exempting Meta from BIPA's mandates during the periods those contracts were in place. *See* 740 ILCS 14/25(e)." *Id.* at 6.

Defendant makes two main arguments why amendment should be allowed, though nearly a year has passed since the deadline to amend pleadings. First, defendant argues that the defenses it seeks to add "are properly characterized as ordinary defenses—which need not be pleaded under Rule 8(c)(1)—rather than affirmative defenses." *Id.* at 2. Defendant seeks to add these defenses to the answer "in an exercise of caution[.]" *Id.* Second, defendant argues that, even if these are affirmative defenses, the defenses may be asserted at this stage, citing a line of Ninth Circuit cases holding that affirmative defenses may be raised for the first time at summary judgment in the absence of prejudice to the other side. Defendant thus focuses on whether plaintiff would be

3

prejudiced by the amendment. *See id.* at 3-5.

To determine whether the new defenses are "ordinary" or "affirmative" ones, the Court will first look to the language of the statute. The substantive provisions of BIPA at play in this case apply to conduct by a "private entity." *See* 740 ILCS 14/15 (a), (b). Both sides agree that plaintiff bears the burden of proving that Meta is a "private entity." Section 10 of BIPA provides definitions. That section states, in relevant part, "'Private entity' means any individual, partnership, corporation, limited liability company, association, or other group, however organized. A private entity does not include a State or local government agency. A private entity does not include any court of Illinois, a clerk of the court, or a judge or justice thereof." 740 ILCS 14/10. The defenses defendant seeks to add are contained in Section 25 of BIPA, "Construction." *See* 740 ILCS 14/25 (c), (e).

Defendant essentially seeks to read the "Construction" section of BIPA into the definition of "private entity," arguing that plaintiff cannot prove Meta is a private entity "if Meta is a government contractor under Section 25(e) or an affiliate of a GLBA-regulated entity under Section 25(c)." Dkt. No. 108, Reply at 2-3. In support, defendant analogizes to the Second Circuit's examination of a section of the Sherman Act that makes antitrust laws not applicable to labor organizations. *See id.* at 2 (citing *Drabinsky v. Actors' Equity Ass'n*, 106 F.4th 206 (2d Cir. 2024)).

Plaintiff, meanwhile, cites numerous district court cases suggesting that the very provisions of BIPA at issue here are affirmative defenses. *See* Dkt. No. 107, Opp'n at 3. In those cases, the question arose at the motion to dismiss stage, where defendants moved to dismiss BIPA complaints against them on the grounds that the defendants were affiliates of a GLBA-regulated entity or were government contractors. District courts have rejected the contention that plaintiffs must prove as part of their prima facie case that Sections 25(c) and/or (e) do not apply. In a recent case out of the Southern District of Illinois, for instance, the court found that the defendant's "arguments that it falls within the Section 25(c) and 25(e) exceptions to BIPA is not appropriate at the Rule 12(b)(6) motion to dismiss stage" and that the plaintiffs "were not required to plead around these arguments[.]" *Gaertner v. Commemorative Brands, Inc.*, No. 23-cv-02452-SPM, 2025 WL 931209, at *9 (S.D. Ill. Mar. 27, 2025). The court further observed, "The Illinois legislature could have chosen to write into the definition of 'private entity' that financial institutions, affiliates of financial

4

1    institutions, and contractors, subcontractors, and agents of state or local governments were not
2    included in the term 'private entity,' but it did not." *Id.* at *8. *Gaertner* relied in part on *Deyerler*,
3    in which the court observed that "[c]ourts in this district have commented that the financial
4    institution exemption is akin to an affirmative defense, which cannot be considered in the context
5    of a Rule 12(b)(6) motion unless the defendant's entitlement to the defense is apparent from the face
6    of the complaint." *See Deyerler v. HireVue, Inc.*, No. 22 CV 1284, 2024 WL 774833, at *5 (N.D.
7    Ill. Feb. 26, 2024) (citing *Davis v. Jumio Corp.*, No. 22 C 776, 2023 WL 2019048, at *2 (N.D. Ill.
8    Feb. 14, 2023); *Patterson v. Respondus*, Inc., 593 F. Supp. 3d 783, 819 n.18 (N.D. Ill. 2022)).
9    Likewise, the district court in *Mayhew v. Candid Color Systems, Inc.* stated that "[t]he government
10   contractor exception [of BIPA] is an affirmative defense."  No. CIV-24-00814-JD, 2025 WL
11   1656664, at *7 (W.D. Okla. June 11, 2025) (citing *Mayhew v. Candid Color Sys., Inc.*, 742 F. Supp.
12   3d 994, 1010 (S.D. Ill. 2024)).

13          This Court will not depart from the growing body of case law indicating that the financial
14   institution and government contractor exceptions to BIPA are affirmative defenses. "An affirmative
15   defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim,
16   even if all allegations in [the] complaint are true." *Mathew Enter., Inc. v. Chrysler Grp. LLC*, 250
17   F. Supp. 3d 409, 416 (N.D. Cal. 2017), *aff'd*, 738 F. App'x 569 (9th Cir. 2018) (citation omitted).
18   Here, plaintiff need not have anticipated or pleaded around Meta's argument that it is an affiliate of
19   Meta Payments, Inc. or that its subsidiaries entered into contracts "rendering them government
20   contractors . . . ." *See* Mot. at 5-6. It is *defendant* who must establish that the financial-institution
21   or government contractor exemption of BIPA applies. *See Patterson*, 593 F. Supp. 3d at 819
22   (defendant must establish that it is subject to Title V of the GLBA under BIPA Section 25(c)). As
23   such, defendant should have included these defenses in its answer.

24          Defendant does not explain why it failed to include the new defenses in its answer or why it
25   seeks to add them so long after the deadline has passed. As noted above, the deadline to amend the
26   pleadings expired eleven months before defendant filed its present motion to amend. Under Federal
27   Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the
28   judge's consent." Fed. R. Civ. P. 16(b)(4). Despite nodding to Rule 16, defendant's motion focuses

5

on whether plaintiff would be prejudiced by the amendment. But Rule 16's "good cause" standard is a hurdle defendant must clear before the Court proceeds to analyze whether amendment is also proper under Rule 15. *See Johnson*, 975 F.2d at 608 (citations omitted). Defendant has not shown good cause.

Nor is the Court persuaded by defendant's assertion that "governing precedent permits Meta to assert [affirmative defenses] *for the first time* at summary judgment even if they are not pleaded under Rule 8(c)(1)." *See* Mot. at 4-5 (citing *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019)). For one, the *Garcia* case on which defendant relies did not discuss the Rule 16 "good cause" standard but instead focused on prejudice to the opposing side, which is the focus of an inquiry for amendment under the more lenient Rule 15. Indeed, *Garcia* relied on the Ninth Circuit's decision in *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001), which in turn applied Rule 15's liberal amendment standard. *See Garcia*, 918 F.3d at 1008-09; *Owens*, 244 F.3d at 712.

In *Garcia*, the Ninth Circuit permitted the Salvation Army to raise for the first time at summary judgment the argument that Title VII's religious organization exemption applied to foreclose claims against it, where the plaintiff had not shown prejudice. 918 F.3d at 1009. Although the religious organization exemption was an affirmative defense that the Salvation Army should have included in its answer, *id.* at 1008, the Ninth Circuit found that the belated insertion of this defense did not prejudice the plaintiff. *Id.* at 1009. The Ninth Circuit rejected Garcia's sole argument that she was prejudiced by a lack of discovery on this defense. The court explained, "[A]s a former member of the Salvation Army's congregation, Garcia was intimately familiar with its religious focus and mission." *Id.*

Similarly, in *Owens*, the Ninth Circuit found the district court did not abuse its discretion in allowing amendment of an answer to add a new affirmative defense. In *Owens*, the plaintiff's complaint was dismissed on a motion for judgment on the pleadings, not at summary judgment. 244 F.3d at 711. In analyzing whether amendment was proper under Rule 15, the *Owens* court noted there was no prejudice to the plaintiff where the "amendment caused no delay in the proceedings and required no additional discovery." *Id.* at 712 (citing *Lockheed Martin Corp. v. Network Sols.,*

6

1   *Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  Additionally, the defendant had "offered substantial
2   competent evidence to explain the delay." *Id.*

3   In contrast to *Garcia* and *Owens*, here plaintiffs would certainly need further discovery into
4   Meta's assertion that it is an affiliate of a GLBA-regulated financial institution and that its
5   subsidiaries are government contractors.  These facts are uniquely within Meta's possession and
6   were not at issue in this case prior to Meta's recent attempt to bring in the new affirmative defenses.
7   Based on the present record, more than a year passed after defendant answered the complaint before
8   it broached the subject of these new defenses with plaintiff.  *See* Dkt. No. 107-1, Green Decl. ¶¶ 3-
9   4 (plaintiff's counsel declaring that Meta first said in late March or April 2025 that it wanted to
10  assert Section 25(c) and (e) defenses in this case, with the first mention in writing occurring in an
11  email dated May 7, 2025).  Unlike this Court's ruling in *Faulkner v. Lucile Packard Salter
12  Children's Hospital*, on which defendant also relies, the present case is not one in which "[t]he
13  proposed amendment simply adds a legal theory to the case for defendant's use at trial; it does not
14  add a new factual theory." No. 21-cv-0780-SI, 2022 WL 17254941, at *7 (N.D. Cal. Nov. 28,
15  2022).[1]

16  Finally, the Court is not inclined to amend the scheduling order at this time, especially when
17  it so recently agreed to an amendment to accommodate defendant's proposed early summary
18  judgment motion.  The Court has already entered several scheduling orders, Dkt. Nos. 63, 102, and
19  has repeatedly discussed at case management conferences the Court's concerns regarding the
20  lengthy schedules the parties have proposed in this case.  Defendant recently approached the Court
21  for an amended schedule to extend the fact discovery period and permit the filing of an early
22  summary judgment motion.  In defendant's own words, that motion would be "primarily addressing
23  a core, dispositive legal issue—namely, whether any data Meta has *actually collected* from the
24  Plaintiff constitutes a 'voiceprint,' a type of 'biometric identifier,' under BIPA." Dkt. No. 94 at 3-
25  4.  Defendant made no mention of BIPA Section 25(c) or (e) when asking the Court to set an early

---

[1] In *Faulkner*, the pretrial scheduling orders did not set a deadline for amendment of the pleadings. *See Faulkner v. Lucile Packard Salter Children's Hosp.*, No. 21-cv-780-SI, Dkt. Nos. 23, 48 (N.D. Cal. filed Feb. 1, 2021).  Thus, the defendant did not need to show "good cause" under Rule 16.

1  summary judgment schedule.  The present motion to amend the answer is the first the Court is
2  hearing of this.
3        As the Ninth Circuit has explained, "A scheduling order is not a frivolous piece of paper,
4  idly entered, which can be cavalierly disregarded by counsel without peril. . . .  Disregard of the
5  order would undermine the court's ability to control its docket, disrupt the agreed-upon course of
6  the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation
7  and its standards may not be short-circuited by an appeal to those of Rule 15." *Johnson*, 975 F.2d
8  at 610-11 (internal quotation marks and citations omitted).  Defendant has offered no explanation
9  for its eleven-month delay in adding these two new defenses.  "If the party was not diligent, the
10 inquiry should end."  *Id.* at 609.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for leave to amend the answer to add two defenses under BIPA Sections 25(c) and (e).

**IT IS SO ORDERED**.

Dated: August 1, 2025

_____
SUSAN ILLSTON
United States District Judge