# EXHIBIT 4

## Petrashko, Paige H.

| | |
|---|---|
| **From:** | Sterling, Amanda |
| **Sent:** | Thursday, November 6, 2025 11:09 AM |
| **To:** | Kevin Green; Feinstein, Diana M. |
| **Cc:** | mike@aswtlawyers.com; Sanguinetti Elise R.; Wang Arnold C.; Craig Momita; Jenkins Anthony; Thomas Rosenfeld; Thomas C. Horscroft; Daniel S. Levy; Goldman, Lauren; Brandon, Michael; Chorba, Christopher; Gary.Feinerman@lw.com; George Katie; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi; Robb, Andrew |
| **Subject:** | RE: Delgado v. Meta Platforms, Inc. |

Thanks, Kevin.  We disagree with your positions below, but we can discuss at 2 CT this afternoon.  We sent an invite around to the group and will look forward to speaking then.

Best,
Amanda

**Amanda Sterling**
Associate Attorney

T: +1 202.887.3773 | M: +1 202.989.5917
ASterling@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

---

**From:** Kevin Green <kevin@ghalaw.com>
**Sent:** Thursday, November 6, 2025 12:20 PM
**To:** Feinstein, Diana M. <DFeinstein@gibsondunn.com>
**Cc:** mike@aswtlawyers.com; Sanguinetti Elise R. <elise@aswtlawyers.com>; Wang Arnold C. <arnold@aswtlawyers.com>; Craig Momita <craig@aswtlawyers.com>; Jenkins Anthony <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; George Katie <Katie.George@lw.com>; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** RE: Delgado v. Meta Platforms, Inc.

> **This Message Is From an External Sender**
> This message came from outside your organization.

Diana,

Plaintiff opposes any effort by Meta to use a threatened motion to disqualify Dr. Singh, which has no legitimate basis, as a pretext to delay or extend Meta's expert disclosure deadlines. Additionally, we disclosed Dr. Singh as our expert two weeks ago and there is no need for an expedited schedule, though we are open to discussing a briefing schedule. You have requested a meet and confer with

less than 24 hours' notice, and we will make ourselves available today at 2:00 p.m. CT. Please send a link.

Further, we previously asked you to identify which portion(s) of Dr. Singh's report you contend are based on anything you disclosed to Dr. Singh while vetting her and prior to engaging her. Your Monday email asserts that the "entire report is infected," but that is non-responsive and unpersuasive. Dr. Singh's first two opinions are not even about Meta; her third opinion addresses Meta's audio processing and data collection based on Meta's own documents and testimony; her fourth opinion addresses Meta's technologies, again grounded in Meta's discovery; and her fifth opinion flows directly from the cited facts in the preceding sections. Accordingly, it is baseless to simply proclaim the entire report is tainted.

Finally, as we have previously stated, your inquiries into Plaintiff's counsel's communications with Dr. Singh seek privileged and/or irrelevant information. Your assertion that this information is "necessary" and "highly relevant" to your assessment of the issue is inconsistent with case law and further undermined by your stated intention to file a motion to disqualify based on Defense Counsel's purported communications with Dr. Singh.

**Kevin P. Green**

**Goldenberg Heller & Antognoli, P.C.**
2227 South State Route 157
Edwardsville, Illinois 62025
618.656.5150
618.650.7123 (direct)
kevin@ghalaw.com
www.goldenbergheller.com

NOTICE: This electronic message is to be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. Unless you are the intended recipient, any copying, use or dissemination of the message is strictly prohibited. If you receive this message in error, please notify us immediately and permanently delete this message from your system without making any copies. Although this electronic message and any attachments are believed to be free of any virus or other defect that might affect computer systems by which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free, and we disclaim any liability for loss or damage arising in any way from its use.

**From:** Feinstein, Diana M. <DFeinstein@gibsondunn.com>
**Sent:** Wednesday, November 5, 2025 8:55 PM
**To:** Kevin Green <kevin@ghalaw.com>
**Cc:** mike@aswtlawyers.com; Sanguinetti Elise R. <elise@aswtlawyers.com>; Wang Arnold C. <arnold@aswtlawyers.com>; Craig Momita <craig@aswtlawyers.com>; Jenkins Anthony <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; George Katie <Katie.George@lw.com>; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** RE: Delgado v. Meta Platforms, Inc.

Counsel – Please let us know your availability to further meet and confer on the below issues tomorrow via Zoom. Meta intends to move to disqualify Dr. Singh and plans to do so on an expedited basis given the upcoming deadline for Meta to disclose its rebuttal expert and accompanying rebuttal report, or in the alternative, seek to stay the expert deadlines pending a decision on the motion to disqualify. We can generally make ourselves

available anytime tomorrow, but we do insist that the meet and confer take place tomorrow given the need to get this issue before the Court.

Thanks,
Diana

**Diana M. Feinstein**
Partner

T: +1 310.551.8705 | M: +1 818.516.6403
DFeinstein@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2000 Avenue of the Stars, Suite 1200N, Los Angeles, CA 90067-4700

---

**From:** Feinstein, Diana M.
**Sent:** Monday, November 3, 2025 3:13 PM
**To:** Kevin Green <kevin@ghalaw.com>
**Cc:** mike@aswtlawyers.com; Sanguinetti Elise R. <elise@aswtlawyers.com>; Wang Arnold C. <arnold@aswtlawyers.com>; Craig Momita <craig@aswtlawyers.com>; Jenkins Anthony <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; George Katie <Katie.George@lw.com>; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** RE: Delgado v. Meta Platforms, Inc.

Kevin,

Our conversations with Dr. Singh took place (as we already told you) throughout Spring 2024.  The first outreach took place on March 20, 2024, followed by a call on March 21.  We then exchanged emails with Dr. Singh on March 21, April 22, June 3, June 5, and June 6.  We had another call with Dr. Singh on June 10, 2025, and then scheduled a call for her to speak with Meta in-house counsel.  That call was merely pro forma, as Meta had already authorized Gibson Dunn to retain Dr. Singh based on Gibson Dunn's prior interactions with Dr. Singh.  The only reason Meta did not ultimately sign a retention agreement with Dr. Singh was because she revealed late in our discussions that she was serving as an expert in a then-pending matter involving one of Meta's competitors and believed as a result she could not serve as an expert for Meta.

During our first call with Dr. Singh, the first thing we asked her was whether she was familiar with the case and/or any of the plaintiff's lawyers.  She answered both of those questions in the negative.  Comfortable that there was no conflict, we proceeded to discuss with Dr. Singh the specific allegations in this case, details about Meta's anticipated litigation strategy, defense arguments, and information Meta's counsel had uncovered through its fact investigation, among other topics.

So, let me ask again: Did you ever ask Dr. Singh whether she had any familiarity with this matter? If so, what did she say in response?  And when did you have such initial discussions? The answers to those questions — which we have now asked you three times — do not constitute privileged information.  These facts are necessary for our understanding of what diligence, if any, Plaintiff's counsel undertook to ensure there was no conflict with Plaintiff's retention of Dr. Singh in this matter. That information is exclusively within your control and highly relevant to Meta's contemplated motion to disqualify.

As to your final question about what portion(s) of Dr. Singh's report Meta contends is based on anything Gibson Dunn disclosed to Dr. Singh, the entire report is infected by the disclosure of Meta's legal strategy, including Meta's strategy for responding to specific allegations and Meta's defenses and fact investigation takeaways.


Best,
Diana


**Diana M. Feinstein**
Partner


T: +1 310.551.8705 | M: +1 818.516.6403
DFeinstein@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2000 Avenue of the Stars, Suite 1200N, Los Angeles, CA 90067-4700

---

**From:** Kevin Green <kevin@ghalaw.com>
**Sent:** Friday, October 31, 2025 1:07 PM
**To:** Feinstein, Diana M. <DFeinstein@gibsondunn.com>
**Cc:** mike@aswtlawyers.com; Sanguinetti Elise R. <elise@aswtlawyers.com>; Wang Arnold C. <arnold@aswtlawyers.com>; Craig Momita <craig@aswtlawyers.com>; Jenkins Anthony <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; George Katie <Katie.George@lw.com>; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** RE: Delgado v. Meta Platforms, Inc.


Diana,

We are not at an impasse, nor are we unjustifiably withholding information. The information you demand is privileged, irrelevant to any legitimate effort to disqualify Dr. Singh, or both.

We asked you to share the factual basis for your assertions, and you have not yet done so. For example, when did each conversation referenced in your email occur? With respect to each conversation, what was the nature of the "confidential work product" referenced in your email? When did Dr. Singh sign an engagement letter, confidentiality, or non-disclosure agreement, or the exhibit to the protective order?  You also have Dr. Singh's report, which heavily cites documents produced by Meta in discovery. Which portion(s), if any, do you contend is based on anything you disclosed to Dr. Singh while vetting her?

We are confident there is no basis to disqualify Dr. Singh, but if you believe otherwise, we again ask you to share the factual basis.

Thank you.

**Kevin P. Green**

**Goldenberg Heller & Antognoli, P.C.**

2227 South State Route 157
Edwardsville, Illinois 62025
618.656.5150
618.650.7123 (direct)
kevin@ghalaw.com
www.goldenbergheller.com

NOTICE:  This electronic message is to be used exclusively by the individual or entity to which it is addressed.  This message may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  Unless you are the intended recipient, any copying, use or dissemination of the message is strictly prohibited.  If you receive this message in error, please notify us immediately and permanently delete this message from your system without making any copies.  Although this electronic message and any attachments are believed to be free of any virus or other defect that might affect computer systems by which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free, and we disclaim any liability for loss or damage arising in any way from its use.

**From:** Feinstein, Diana M. <DFeinstein@gibsondunn.com>
**Sent:** Wednesday, October 29, 2025 3:25 PM
**To:** Kevin Green <kevin@ghalaw.com>
**Cc:** mike@aswtlawyers.com; Sanguinetti Elise R. <elise@aswtlawyers.com>; Wang Arnold C. <arnold@aswtlawyers.com>; Craig Momita <craig@aswtlawyers.com>; Jenkins Anthony <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; George Katie <Katie.George@lw.com>; Brittany.Liesman@lw.com; ashley.gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** Re: Delgado v. Meta Platforms, Inc.

Kevin –

Your response is unpersuasive. We had extensive discussions with Dr. Singh during multiple phone calls and email exchanges for purposes of vetting her for possible retention by Meta.  On those phone calls, we shared confidential work product in connection with that vetting.  She was a willing participant on those phone calls, and she indicated that she was open to being hired by Meta to serve as an expert and had never previously engaged with Plaintiffs' counsel on this or any other matter.  In this context, we had an objectively reasonable expectation that she would keep those conversations confidential and believed there was no risk of disclosure of Gibson Dunn and Meta's work product to opposing counsel.

Your refusal to provide any information is unjustified.  You do not deny that you knew we had these conversations with her before you retained her.  You are also refusing to answer basic questions about what steps you took to make sure that she did not use or convey the work product and confidential information we provided to her.  You are similarly refusing to provide basic, non-privileged facts about the engagement,

5

such as who reached out to whom, and when the first discussion took place.

If you continue to refuse to provide answers to our questions, then we will understand we are at an impasse and will proceed accordingly.

Best,

Diana


**Diana M. Feinstein**
Partner

T: +1 310.551.8705 | M: +1 818.516.6403
DFeinstein@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2000 Avenue of the Stars, Suite 1200N, Los Angeles, CA 90067-4700

On Oct 28, 2025, at 3:15 PM, Kevin Green <kevin@ghalaw.com> wrote:


Diana,

We are not trying to be obstructionist, but your questions call for privileged information and are not relevant to whether a disqualifying conflict exits. Further, responses from us are not needed because Meta is already in possession of facts relevant for Meta to assess its position.

We are confident there is no basis to disqualify Dr. Singh, but if you believe otherwise, we would ask you to share the factual basis before the end of the week.

Thank you.

**Kevin P. Green**

**Goldenberg Heller & Antognoli, P.C.**
2227 South State Route 157
Edwardsville, Illinois 62025
618.656.5150
618.650.7123 (direct)
kevin@ghalaw.com
www.goldenbergheller.com

NOTICE:  This electronic message is to be used exclusively by the individual or entity to which it is addressed.  This message may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  Unless you are the intended recipient, any copying, use or dissemination of the message is strictly prohibited.  If you receive this message in error, please notify us immediately and permanently delete this message from your system without making any copies.  Although this electronic message and any attachments are believed to be free of any virus or other defect that might affect computer systems by which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free, and we disclaim any liability for loss or damage arising in any way from its use.

**From:** Feinstein, Diana M. <DFeinstein@gibsondunn.com>
**Sent:** Monday, October 27, 2025 1:40 PM
**To:** Kevin Green <kevin@ghalaw.com>
**Cc:** mike@aswtlawyers.com; Elise R. Sanguinetti <elise@aswtlawyers.com>; Arnold C. Wang <arnold@aswtlawyers.com>; Craig Momita (craig@aswtlawyers.com) <craig@aswtlawyers.com>; Anthony Jenkins <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>; Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; Katie George (CH) <katie.george@lw.com>; Brittany.Liesman@lw.com; Ashley.Gebicke@lw.com; Jilliann.Pak@lw.com; Mistry, Prachi <PMistry@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>
**Subject:** RE: Delgado v. Meta Platforms, Inc.

Dear Kevin,

We were very surprised to see that Plaintiff retained Dr. Rita Singh as a testifying expert in Delgado.  The reason for our surprise is that Meta (via Gibson Dunn) had extensive discussions with Dr. Singh regarding the Delgado case throughout Spring 2024.

To ensure our appropriate consideration of the situation, please answer the following questions no later than tomorrow, <u>Tues Oct 28.</u>

1. When did you or someone from Plaintiff's counsel team first have contact with Dr. Singh?
    1. Did Dr. Singh reach out to Plaintiff's counsel?
    2. Did Plaintiff's counsel reach out to her – and, if so, was it directly or through an expert agency?

2. When did you or someone from Plaintiff's counsel team sign an engagement letter with Dr. Singh?

3. At any point before retaining Dr. Singh, did you or someone from Plaintiff's counsel team inquire whether Dr. Singh had any familiarity with this litigation?
    1. If so, what did Dr. Singh disclose in response?
    2. If so, when did this discussion with Dr. Singh take place?

1. At any point before retaining Dr. Singh, did you or someone from Plaintiff's counsel team inquire whether Dr. Singh had any prior conversations with Meta (via Gibson Dunn or otherwise) regarding serving as an expert in Delgado?
    1. If so, what did Dr. Singh disclose in response?
    2. If so, when did this discussion with Dr. Singh take place?

1. What steps has Plaintiff's counsel taken to ensure Dr. Singh did not divulge any confidential or work product information she received from Meta (via Gibson Dunn or otherwise).

Meta reserves all rights, including but not limited to moving to disqualify Dr. Singh.

Best,
Diana

**Diana M. Feinstein**
Partner

T: +1 310.551.8705 | M: +1 818.516.6403
DFeinstein@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2000 Avenue of the Stars, Suite 1200N, Los Angeles, CA 90067-4700

---

**From:** Kevin Green <kevin@ghalaw.com>
**Sent:** Thursday, October 23, 2025 3:12 PM
**To:** Goldman, Lauren <LGoldman@gibsondunn.com>; Brandon, Michael <MBrandon@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Feinstein, Diana M. <DFeinstein@gibsondunn.com>; Sauer, Emily <ESauer@gibsondunn.com>; Barrera, Abbey A. <ABarrera@gibsondunn.com>; Robb, Andrew <ARobb@gibsondunn.com>; Townsend, Lucas C. <LTownsend@gibsondunn.com>; Sterling, Amanda <ASterling@gibsondunn.com>; Gary.Feinerman@lw.com; Katie George (CH) <katie.george@lw.com>; Robert.Collins@lw.com; Brittany.Liesman@lw.com; francis.acott@lw.com; katherine.rouse@lw.com; Ashley.Gebicke@lw.com
**Cc:** mike@aswtlawyers.com; Elise R. Sanguinetti <elise@aswtlawyers.com>; Arnold C. Wang <arnold@aswtlawyers.com>; Craig Momita (craig@aswtlawyers.com) <craig@aswtlawyers.com>; Anthony Jenkins <anthony@aswtlawyers.com>; Thomas Rosenfeld <tom@ghalaw.com>; Thomas C. Horscroft <thorscroft@ghalaw.com>; Daniel S. Levy <daniel@ghalaw.com>
**Subject:** Delgado v. Meta Platforms, Inc.

Counsel,

Attached please find Plaintiff's Expert Witness Disclosures.

Thank you.

**Kevin P. Green**

Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, Illinois 62025
618.656.5150
618.650.7123 (direct)
kevin@ghalaw.com
www.goldenbergheller.com



NOTICE:  This electronic message is to be used exclusively by the individual or entity to which it is addressed.  This message may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  Unless you are the intended recipient, any copying, use or dissemination of the message is strictly prohibited.  If you receive this message in error, please notify us immediately and permanently delete this message from your system without making any copies.  Although this electronic message and any attachments are believed to be free of any virus or other defect that might affect computer systems by which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free, and we disclaim any liability for loss or damage arising in any way from its use.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.