**ARIAS SANGUINETTI WANG & TEAM LLP**
Mike Arias (CSB #115385)
Elise R. Sanguinetti (CSB #191389)
Arnold C. Wang (CSB #204431)
Craig S. Momita (CSB #163347)
M. Anthony Jenkins (CSB #171958)
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 844-9696
mike@aswtlawyers.com
elise@aswtlawyers.com
arnold@aswtlawyers.com
craig@aswtlawyers.com
anthony@aswtlawyers.com

**GOLDENBERG HELLER & ANTOGNOLI, P.C**
Thomas P. Rosenfeld (admitted *pro hac vice*)
Kevin P. Green (admitted *pro hac vice*)
Thomas C. Horscroft (admitted *pro hac vice*)
Daniel S. Levy (admitted *pro hac vice*)
2227 South State Route 157
Edwardsville, Illinois 62025
Telephone: (618) 656-5150
tom@ghalaw.com
kevin@ghalaw.com
thorscroft@ghalaw.com
daniel@ghalaw.com

*Attorneys for Plaintiff Natalie Delgado*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATALIE DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-04181-SI<br><br>**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE PURSUANT TO CIVIL L.R. 7-3(d)(1)**<br><br>Location:   Courtroom 1—19th Floor<br>Judge:       Hon. Susan Illston |

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff objects to the introduction of additional evidence in Defendant Meta Platforms Inc.'s ("Meta") Reply in Support of Motion to Disqualify Expert Rita Singh (Dkt. 126, the "Reply") and accompanying Administrative Motion Requesting Leave to Submit Documents for In Camera Review (Dkt. 127, the "Motion for In Camera Review"). In support, Plaintiff states:

### Objection to Reply Declaration

On November 7, 2025, Meta filed its Motion to Disqualify Expert Rita Singh. Dkt. 120. "Because the burden is on the party seeking to disqualify the expert, that party should point to specific and unambiguous disclosures that if revealed would prejudice the party." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1094 (N.D. Cal. 2004). Meta also had the "burden of showing that it was objectively reasonable for it to believe that a confidential relationship existed." *Id.* at 1096. In its opening brief, Meta submitted a declaration in support. Meta now seeks to introduce a second declaration, by the same declarant, "in further support" of its motion. Dkt. 126-1 (the "Reply Declaration").

The Reply Declaration improperly introduces new information that was known to the declarant when the Motion to Disqualify was filed, but which was omitted and to which Plaintiff now cannot respond. Meta frames the declaration as "address[ing] new documentary materials and factual assertions" in Plaintiff's opposition, yet only one paragraph (paragraph 5) addresses a factual assertion from Plaintiff's opposition. The remaining paragraphs assert new facts in an attempt to give more detail that Meta should have—and could have—included in its opening brief to meet its burden, to which Plaintiff cannot now respond. "[T]he Court need not consider this evidence because the submission of new facts in a reply brief is improper." *Rivera v. Saul Chevrolet, Inc.*, 2017 U.S. Dist. LEXIS 120094, *17 (N.D. Cal. July 31, 2017).

### Request for Relief if Objection Overruled

If the Court overrules this objection and considers the Reply Declaration, Plaintiff respectfully requests leave to file a sur-reply not to exceed 3 pages to address the Reply Declaration.

### Objection to Proposed Documents for In Camera Review

Plaintiff objects to Meta's proposal to submit additional evidence with its Reply for *in camera* review. Plaintiff incorporates by reference the arguments made in its Motion to Reconsider November

20, 2025 Order Granting Defendant's Administrative Motion Requesting Leave to Submit Documents for In Camera Review. Dkt. 129.

Notably, Meta expressly conditioned its request for *in camera* review on a condition that such review does not constitute a waiver of privilege. Dkt. 127 at 2 (asking Court to deny its motion for *in camera* review if it waives privilege). But Meta's submission of these documents to the Court for consideration *does* constitute a waiver of privilege because Meta is placing their contents at issue to support its claims while denying Plaintiff any opportunity to review or respond to that evidence. Meta thus seeks to use the privilege both as a sword—submitting privileged materials to support its motion—and a shield—preventing Plaintiff from accessing those same materials. That is a textbook waiver of the privilege. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *Apple Inc. v. Samsung Elecs. Co.*, 2015 LX 69711 (N.D. Cal. June 19, 2015) (finding waiver where party submitted privileged documents for *in camera* review in support of its arguments). *See also* Dkt. 129 at 2-3.

Accordingly, reviewing the documents *in camera* will result in a waiver of the privilege, and Meta has expressly asked the Court not to review the documents if such a waiver is to occur. Meta cannot have it both ways. Either Meta maintains its privilege and withdraws the documents, or Meta waives privilege by submitting them to support its motion. Meta's attempt to obtain a conditional review—where the Court considers the documents only if doing so preserves privilege—is improper and unworkable.

Plaintiff also objects to the documents as inadmissible hearsay and improper new evidence to which Plaintiff can make no response. *See id.* at 1-2, 3-4.

Unlike the Reply Declaration, if this objection is overruled, Plaintiff has no available remedy or ability to respond to Meta's secret evidence.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain her objections to the introduction of additional evidence in Defendant Meta Platforms Inc.'s ("Meta") Reply in Support of Motion to Disqualify Expert Rita Singh (Dkt. 126) and accompanying Administrative Motion Requesting Leave to Submit Documents for In Camera Review (Dkt. 127), and for such further relief as the Court deems just and proper.

Dated: November 21, 2025

Respectfully submitted,

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By: */s/ Kevin P. Green*
    Kevin P. Green

*Attorneys for Plaintiff Natalie Delgado*

-3-