LATHAM & WATKINS LLP
SEAN M. BERKOWITZ (admitted *pro hac vice*)
GARY S. FEINERMAN (admitted *pro hac vice*)
KATHRYN K. GEORGE (admitted *pro hac vice*)
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
sean.berkowitz@lw.com
gary.feinerman@lw.com
katie.george@lw.com

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
DIANA FEINSTEIN, SBN 302626
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7396
cchorba@gibsondunn.com
dfeinstein@gibsondunn.com

LAUREN R. GOLDMAN (admitted *pro hac vice*)
MICHAEL BRANDON (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
lgoldman@gibsondunn.com
mbrandon@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATALIE DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendant. | Case No. 3:23-cv-04181-SI<br><br>**DECLARATION OF GARY S. FEINERMAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER MATERIAL SHOULD BE SEALED (DKT NO. 158) PURSUANT TO LOCAL RULE 79-5(F)**<br><br>Hearing: May 15, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston |

I, Gary S. Feinerman, the undersigned, declare as follows:

1. I am a partner at Latham & Watkins LLP and counsel of record for Defendant Meta Platforms, Inc. ("Meta") in the above-titled action. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would testify to them.

2. I submit this declaration in accordance with Civil Local Rules 79-5(c) and (f) in connection with Plaintiff Natalie Delgado's March 27, 2026, Administrative Motion to Consider Whether Another Party's Material Should be Sealed (the "Administrative Motion"). Dkt. 158. Meta seeks to seal narrow portions of the documents at issue in the Administrative Motion that are entitled to protection because they reveal Meta's proprietary and confidential information.

3. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper when the party seeking sealing (i) complies with Civil Local Rule 79-5; and (ii) rebuts the applicable presumption in favor of access. *See MacDonald v. Ford Motor Co.*, 2016 WL 7826647, at *1 (N.D. Cal. Mar. 7, 2016) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

4. Courts apply the "compelling reasons" standard to determine whether to permit the sealing of materials deemed "more than tangentially related to the merits." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019) (finding "compelling reasons" to seal exhibits "on the basis that they contain non-public, confidential information").

5. The materials sought to be sealed meet the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1096-97.

6. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of its highly sensitive, proprietary information to gain a competitive advantage. The public release of the competitively sensitive, confidential information contained in the documents would create a real and immediate risk of competitive harm to Meta by providing its competitors in the marketplace, as well as potential

negotiation counterparties, with access to its internal, highly sensitive, confidential proprietary information.

7. Meta takes care to protect the confidentiality of its proprietary information, including information describing its research and development efforts concerning voice-related technology, which it has engaged in to support the development of potential new features and products for its users that will provide Meta an edge over its competitors. Disclosure of the information Meta seeks to seal would provide these competitors with the opportunity to use its proprietary information for their own gain at Meta's expense; specifically, competitors could learn about Meta's research and development efforts concerning voice-related technology and attempt to "duplicate features of" the research and/or outpace Meta's capabilities in this area for their own gains at Meta's expense, "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013).

8. As required by the Local Rules, Meta has proposed redactions of only "the truly sensitive information in a document," rather than seeking to "seal[] entire documents." N.D. Cal. Local R. 79-5(a). As such, Meta seeks protection of its confidential information through the least restrictive means; the only less-restrictive alternative would be filing non-redacted documents on the public docket, which would afford Meta's competitively sensitive information no protection. Meta's counsel has reviewed and complied with Civil Local Rule 79-5.

9. Pursuant to Local Rule 79-5(c) and (f), the following table identifies the documents submitted as exhibits to the Administrative Motion or portions thereof containing Meta's highly confidential, nonpublic business information (collectively, the "Sealed Documents").

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. 158) | Highlighted portions of Plaintiff's Opposition To Defendant's Motion for Summary Judgment, at page i:8, 12; page ii:7; page 1:11-16; page 2:6, 26; page 3:1-3, 6-10, 21-25; page 4:2-10, 28; page 5:5-6, 27-28; | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | page 6:17, 24-28; page 7:5-14, 16-17, 26-28; page 8:1-15, 23-25; page 9:6-13, 15-28; page 10:1-18, 21-23, 25, 26-27; page 11:9-28; page 12:1-4, 14-28; page 13:1-6; page 17:28; page 18:11-12, 22-23; page 20:4-8, 14-15, 20-24; page 21:1; page 22:1-2, 7, 20-24; page 23:1-3, 9; page 24:14-17; page 25:17-20 | | would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Declaration of Kevin P. Green in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Green Declaration") (Dkt. 158-3) | Highlighted portions of Declaration of Kevin P. Green in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at page 2:6, 9-10, 21-22, 25; page 3:12, 15, 22; page 4:2 | Meta | Contains highly confidential, nonpublic proprietary information about Meta's research and development efforts concerning voice-related technology. |
| Exhibit 3 (Deposition of Meta Platforms, Inc., Jose Andres Alvarado Carlos) to the Declaration of Kevin P. Green in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Green Declaration") to the Green Declaration (Dkt. 158-6) | Highlighted sections at page 27:9-11, 16-23, 25; page 28: 1-9, 13-15, 19-20, 25; page 76:1-4; page 78:6-25; page 79:1-5, 7-25; page 81:10-25; page 82:1-12, 15-17, 23-25; page 113:6-7, 12-16, 20-25; page 114:1-20; page 126:4-5, 8-10, 12-13, 24-25; page 127:1, 3-5; page 128:19-21, 23-24; page 129:1-6, 9-16, 19-24 | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | on September 27, 2024 (Dkt. 71). |
| Exhibit 4 (Deposition of Meta Platforms, Inc. Corporate Representative Trenton Yuntian Wang (October 8, 2025) to the Green Declaration (Dkt. 158-7) | Highlighted sections at page 84:2-7, 12-14; 17-19, 22-25; page 85:1-2, 4-6, 8-9, 13-15, 21-25; page 90:2-5, 7-14, 16-23, 25; page 91:1; page 92:3-4, 7-12, 14-25; page 93:1-10, 18-19, 24; page 101:1, 3-8, 10-11, 13-17, 19-25; page 102:1-14, 16-25; page 104:1-10, 12-14, 16-23; page 108:24-25; page 109:2-5; page 112:6-7, 9-25; page 113:4-7, 10; page 114:7-11, 14-17, 19-25; page 115:1-25; page 116:1-8, 10-19, 21, 23-25; page 117:1-8, 10-11, 19-25; page 118:1, 3-14, 16-25; page 119:1, 4-14, 16-19, 21-24; page 124:12-14, 22-23, 25; page 125:1-18, 20-23, 25; page 134:1-3, 5-11, 19-20, 24-25; page 136:25; page 137:12-17; page 162:1-25; page 163:1-11; page 166:4, 10-11, 13-25; page 167:1-11, 25; page 168:12, 24-25; page 169:1-4, 16-23, 25; page 170:1, 4-6, 17-25; page 173:6 | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 5 (Defendant Meta Platforms, Inc.'s Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories (Interrogatory No. 20) to the Green Declaration (Dkt. 158-8) | Highlighted section at page 6:10; page 10:25; page 11:3; page 12:1, 5, 8, 11, 15, 22, 25; page 13:4, 7, 10, 13; page 14:4, 8, 23, 27; page 15:8; page 16:4, 7, 10, 25; page 18:1, 4; page 20:19–23:28; page 24:6-10 | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | substantial risk of serious competitive harm to Meta. |
| Exhibit 6 (Meta-Delgado_00008586 - Meta-Delgado_00008600) to the Green Declaration (Dkt. 158-9) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 8 (Meta-Delgado_00007951 - Meta-Delgado_00007953) to the Green Declaration (Dkt. 158-11) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 9 (Meta-Delgado_00008013 - Meta-Delgado_00008016) to the Green | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| Declaration (Dkt. 158-12) | | | data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 10 (Deposition of Juan Pino (September 25, 2025) to the Green Declaration (Dkt. 158-13) | Highlighted sections at page 82:5; page 127:3-17; page 128:5-25; page 130:3-19, 21-22, 24-25; page 131:2-3, 9-16; page 141:14-15, 17-20; page 150:4-25; page 151:1-5, 14-16, 21-25; page 153:1-4; page 154:23-25; page 169:2-11, 13-15; page 222:4-5, 7-11, 13-17, 20-21, 23-24; page 226:20-21, 24-25; page 227:1-14, 16-25; page 228:1-2, 6-23; page 230:2-9, 15-17, 20-25; page 231:10-14, 16-18, 20, 23-24; page 254:1-16, 21-25; page 255:1; page 266:9-11 | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 11 (Deposition of Michael Lewis Seltzer (October 14, 2025) to the Green Declaration (Dkt. 158-14) | Highlighted sections at page 26:6, 8-11, 16-18, 20-22, 24-25; page 34:1-4; page 35:24-25; page 36:2-4; page 37:20-25; page 38:1-5, 15-25; page 42:1-2, 4-6, 10-25; page 43:1-2, 6-8; page 44:10-25; page 49:1-5, 11-12, 15-18, 21-25; page 50:1-25; page 51:1-17, 19-25; page 60:1-2, 4-25; page 61:1-4, 6-7, 9-10, 13, 19-20, 24-25; page 68:3-6, 8-24; page 69:1-70:25; page 73:1-25; page 75:2-22, | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | 25; page 82:2-6; 87:1-24; page 88:1-9, 16-17, 21, 23-25; page 89:1-3, 6-9, 12-13, 19-21; page 96:5-10, 14-22; page 107:2-3, 5-25; page 108:1-3, 5-7, 9-23; page 109:1-4, 6, 8-9, 11-17, 19-22, 24-25; page 110:1-25; page 111:11-12, 14-15, 19, 22-23; page 116:7-9, 11-13, 15-18, 24-25; page 117:1, 6-7, 9-11, 13-20, 23-25; page 123:5-7, 9-12, 21-22, 25; page 124: 1-4, 9-11, 15-20; page 130:2, 16-21, 24-25; page 131:1-25; page 132:1-25; page 133:1-5, 7, 9-11, 14-25; page 134:5-6, 8-14, 16-17, 24-25; page 135:2, 6-14, 20-21, 23-25; page 136:1-10, 12, 13-16, 22-24; page 137:1-4, 6-12, 16-25; page 138:1-13, 16-21, 24-25; page 164:1-17; 21-25; page 199:2-3, 8-23; page 208:13-15, 17-24; page 238:2-4, 9-15, 18-25; page 267:1-3, 8-9, 11-25; page 268:1-4, 6-19, 23-24; page 286:1-3, 6-13, 17-20; page 287:1-14, 16-17, 20-22; page 295:1-4, 10-18; page 301:3-4, 7-8, 10-12 | | "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 12 (Rebuttal Expert Report of Patrick Traynor December 5, 2025) to the Green Declaration (Dkt. 158-15) | Not applicable | None | Unseal |
| Exhibit 13 (Video Deposition of Dr. Rita Singh (February 5, 2026) to the Green | Highlighted section at page 147:16-25 | Meta | Contains highly confidential, nonpublic proprietary |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| Declaration (Dkt. 158-16) | | | information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 14 (Meta-Delgado_00009601 - Meta-Delgado_00009603) to the Green Declaration (Dkt. 158-17) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 15 (Meta-Delgado_00008329 - Meta-Delgado_00008331) to the Green Declaration (Dkt. 158-18) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 19 (Meta-Delgado_00008407 - Meta-Delgado_00008409) to the Green Declaration (Dkt. 158-22) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 20 (Meta-Delgado_00008165_0001 - Meta-Delgado_00008165_0006) to the Green Declaration (Dkt. 158-23) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | serious competitive harm to Meta. |
| Exhibit 21 (Meta-Delgado_00008533 - Meta-Delgado_00008549) to the Green Declaration (Dkt. 158-24) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 22 (Meta-Delgado_00008166 - Meta-Delgado_00008168) to the Green Declaration (Dkt. 158-25) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 23 (Meta-Delgado_00008352 - Meta-Delgado_00008359) to the Green Declaration (Dkt. 158-26) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 24 (Meta-Delgado_00008337 - Meta-Delgado_00008342) to the Green Declaration (Dkt. 158-27) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 25 (Meta-Delgado_00008343 - Meta-Delgado_00008346) to the Green Declaration (Dkt. 158-28) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 26 (Meta-Delgado_00008411 - Meta-Delgado_00008413) to the Declaration of Kevin P. Green in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Green Declaration") (Dkt. 158-29) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 27 (Meta-Delgado_00009628 - Meta-Delgado_00009647) to the Green Declaration (Dkt. 158-30) | Entire Document | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta. |
| Exhibit 28 (Deposition of Patrick Gerard Traynor (February 9, | Not applicable | None | Unseal |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| 2026) to the Green Declaration (Dkt. 158-31) | | | |
| Exhibit 29 (WavLM Results for Plaintiff's messages) to the Green Declaration (Dkt. 158-32) | Not applicable | None | Unseal |
| Exhibit 30 (Sur-Rebuttal Expert Report of Patrick Gerard Traynor (February 3, 2026) to the Green Declaration (Dkt. 158-33) | Not applicable | None | Unseal |
| Exhibit 1 (Expert Report of Rita Singh, Ph.D.) in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Singh Declaration") (Dkt. 158-34) | Highlighted portions of Exhibit 1 (Expert Report of Rita Singh, Ph.D.) in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Singh Declaration") at pages i-iii, 1, 4-8, 25-39, 42-46, 48-67, 69-87 | Meta | Contains highly confidential, nonpublic proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |
| Exhibit 2 (Expert Rebuttal Report of Rita Singh, Ph.D.) to the Singh Declaration (Dkt. 158-36) | Entire Document | Meta | Reflects information the Court previously approved for sealing it its March 17, 2026 Order (Dkt. 153).<br><br>Contains highly confidential, nonpublic |

| Exhibit to Administrative Motion | Portion Sought To Be Sealed | Designating Party | Reason(s) for Sealing |
|---|---|---|---|
| | | | proprietary information relating to (1) Meta's various technologies and data analysis, and (2) Meta's training models, public disclosure of which would cause substantial risk of serious competitive harm to Meta.<br><br>Reflects information Meta designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order entered by this Court on September 27, 2024 (Dkt. 71). |

Meta has closely examined every document and piece of information containing its highly sensitive, confidential information filed with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Where possible, Meta has proposed line-level redactions rather than seeking to seal entire documents. The information and exhibits described above reflect Meta's narrow tailoring of a request to seal only its most competitively sensitive information.

Consistent with this approach, and as reflected in the chart above, Meta does not seek continued sealing of the following documents originally filed under seal in connection with the Administrative Motion:

- Exhibit 12 (Rebuttal Expert Report of Patrick Traynor December 5, 2025) to the Green Declaration (Dkt. 158-15);
- Exhibit 28 (Deposition of Patrick Gerard Traynor (February 9, 2026) to the Green Declaration (Dkt. 158-31);
- Exhibit 29 (WavLM Results for Plaintiff's messages) to the Green Declaration (Dkt. 158-32);
- Exhibit 30 (Sur-Rebuttal Expert Report of Patrick Gerard Traynor (February 3, 2026) to the Green Declaration (Dkt. 158-33).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2026, in Chicago, Illinois.

By */s/ Gary Feinerman*
Gary S. Feinerman