LATHAM & WATKINS LLP
SEAN M. BERKOWITZ (admitted *pro hac vice*)
GARY S. FEINERMAN (admitted *pro hac vice*)
KATHRYN K. GEORGE (admitted *pro hac vice*)
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
sean.berkowitz@lw.com
gary.feinerman@lw.com
katie.george@lw.com

GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (admitted *pro hac vice*)
MICHAEL BRANDON (admitted *pro hac vice*)
200 Park Avenue, New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lgoldman@gibsondunn.com
mbrandon@gibsondunn.com

DIANA FEINSTEIN, SBN 302626
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7396
Facsimile: (213) 229-6396
dfeinstein@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

NATALIE DELGADO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:23-cv-04181-SI

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Location: Courtroom 1 - 17th Floor
Judge: Hon. Susan Illston

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on November 6, 2026, at 10:00 a.m. in Courtroom 1 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Meta Platforms, Inc. will, and hereby does, move the Court for partial reconsideration of the Court's August 1, 2025, Order (Dkt. 111, "Order") pursuant to Federal Rule of Civil Procedure 54(b).

This motion is based on Defendant's Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

Dated: October 14, 2026

Respectfully submitted,
LATHAM & WATKINS LLP

By /s/ Gary S. Feinerman
Gary S. Feinerman

*Attorneys for Defendant Meta Platforms, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") respectfully moves for partial reconsideration of the Court's August 1, 2025 Order Denying Defendant's Motion for Leave to Amend its Answer insofar as it prohibited Meta from invoking Section 25(c) of the Illinois Biometric Information Privacy Act ("BIPA" or the "Act"), 740 ILCS 14/25(c), to argue that it is excluded from coverage under the Act. The Order rested on the premise, supported at the time by district court decisions from Illinois, that Section 25(c) establishes an affirmative defense that a defendant must plead under Federal Rule of Civil Procedure 8(c)(1). Dkt. 111. Those district court decisions are no longer good law given *Cisneros v. Nuance Communications, Inc.*, which holds that Section 25(c) is not an affirmative defense, but rather "a statutory exception [that] blocks a plaintiff's claim." -- F.4th --, 2026 WL 2542772, at *2 (7th Cir. Aug. 28, 2026). This intervening change in law warrants reconsideration of the Order and a ruling that Meta may invoke and pursue its defense under Section 25(c). *See* Civ. L.R. 7-9(b)(2).

## II. BACKGROUND

On June 17, 2025, Meta moved for leave to amend its answer to plead an affirmative defense under Section 25(c). Dkt. 104 at 1–2. Section 25(c) provides that BIPA does not apply to financial institutions subject to Title V of the Gramm-Leach-Bliley Act ("GLBA") or to their affiliates:

> Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder.

740 ILCS 14/25(c).

As a threshold matter, Meta's motion to amend argued that Section 25(c) was not an affirmative defense and thus did not need to be pleaded under Rule 8(c)(1). Dkt. 104 at 2–5. However, as a precautionary measure, Meta sought leave to amend its answer should the Court determine that its Section 25(c) defense was an affirmative defense and therefore should have been pleaded in its answer. *Id.* at 1–3.

This Court denied Meta's motion. Dkt. 111. Citing the "growing body of case law" from district courts in Illinois "indicating that the financial institution … exception[] to BIPA [is an] affirmative defense[]," the Court held that Section 25(c) is an affirmative defense that the defendant must plead. *Id.* at 5. The Court then denied Meta leave to amend its answer to plead that defense. *Id.* at 5–7. The consequence of the Order was to prohibit Meta from invoking and asserting Section 25(c) as a defense to liability.

On September 28, 2026, Meta filed its Motion for Leave to file this Motion for Partial Reconsideration. Dkt. 202. On October 7, 2026, the Court granted Meta's Motion for Leave. Dkt. 204.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Moreover, a district court has the authority and "inherent jurisdiction to modify, alter, or revoke" a prior interlocutory order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Thus, a district court may reconsider an order "based on shifting precedent." *Id.* Exercise of that authority is "appropriate" where there is "an intervening change in controlling law." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 WL 1891367, at *2 (N.D. Cal. May 6, 2013) (quoting *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see* Civ. L.R. 7-9(b)(2).

Intervening law need not be binding precedent from the Ninth Circuit or Supreme Court to warrant reconsideration. "While decisions from other Circuits are not binding on this Court, they are persuasive" in connection with a party's reconsideration motion. *Brown v. Citicorp Credit Servs., Inc.*, 2015 WL 1401604, at *2 (D. Idaho Mar. 25, 2015); *see also Stoyas v. Toshiba Corp.*, 734 F. Supp. 3d 1000, 1011 (C.D. Cal. 2024) ("a decision of a foreign court interpreting its own nation's laws for the first time, even if not 'controlling law,' constitutes sufficient 'new material facts or change in law'" to support reconsideration); *Barker v. Insight Glob., LLC*, 2019 WL

176260, at *3 (N.D. Cal. Jan. 11, 2019) ("a published [California] Court of Appeal decision addressing th[e] precise issue … important to this Court in its final decision" constituted "a change in law warranting a fresh look and changed outcome"). This is particularly so here, where the case law upon which the Order relied were non-precedential district court decisions and—as explained below—the Ninth Circuit would defer to the Seventh Circuit's *Cisneros* decision on an issue concerning how Rule 8(c)(1) applies in the context of an Illinois statute.

## IV. ARGUMENT

The Court should reconsider the Order insofar as it held that Meta may not invoke and pursue its argument that Section 25(c) exempts it from coverage under BIPA. The Order rests on the premise—supported at the time by certain district court decisions from Illinois—that Section 25(c) creates an affirmative defense that a defendant must plead under Rule 8(c)(1).

That premise is no longer valid in light of the Seventh Circuit's recent decision in *Cisneros*, which holds that the Section 25(c) financial institution exception is not an affirmative defense. *See* 2026 WL 2542772, at *2. In so holding, the Seventh Circuit explained that "[Section] 25(c) is not on the list in Rule 8(c) and is not similar to things on the list, such as contributory negligence, laches, and release," that "a contention that a statutory exception blocks a plaintiff's claim may be raised without the need to plead it as an affirmative defense," and that "[c]alling one rule of law an exception to another rule of law does not turn it into an affirmative defense." *Id.*

This intervening change in law warrants reconsideration of the Order. *See Trazo v. Nestle USA, Inc.*, 113 F. Supp. 3d 1047, 1049 (N.D. Cal. 2015) (intervening change in law "presents a valid basis for reconsideration"); *Am. Econ. Ins. Co. v. Reboans, Inc.*, 900 F. Supp. 1246, 1250–51 (N.D. Cal. 1994) (new controlling decision represents a change in law). As an initial matter, the district court decisions cited by the Order can no longer be read to support the proposition that Section 25(c) is an affirmative defense, and the Seventh Circuit's analysis of the interplay between Rule 8(c)(1) and Section 25(c) is sound.

Moreover, "[a]bsent a strong reason to do so," the Ninth Circuit "will not create a direct conflict with other circuits." *AirDoctor, LLC v. Xiamen Qichuang Trade Co.*, 134 F.4th 552, 555

(9th Cir. 2025) (internal quotations omitted) (declining to depart from a Seventh Circuit decision and "thereby [create a] conflict with the Seventh Circuit"). This principle applies with particular force where, as here, the other circuit's decision concerns the application of federal law in the context of the law of a state located in the other circuit. *See Rivera v. Amazon Web Servs., Inc.*, 2023 WL 4761481, at *2 (W.D. Wash. July 26, 2023) (relying upon Seventh Circuit authority regarding Article III standing for BIPA Section 15(a) claims); *cf. Christie v. Bank of N.Y. Mellon, N.A.*, 617 F. App'x 680, 682 (9th Cir. 2015) (appropriate to "defer to the interpretation of the Court of Appeals for the Circuit in which the State is located" "on questions of state law") (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 16 (2004)); *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1125 (9th Cir. 2024) (describing the Seventh Circuit's interpretation of BIPA as "particularly persuasive"); *Delgado v. Meta Platforms, Inc.*, 718 F. Supp. 3d 1146 (N.D. Cal. 2024) (following "the case law coming out of the Northern District of Illinois" in a BIPA case). *Cisneros* addresses how to read Section 25(c) in conjunction with BIPA as a whole, and concludes that for purposes of Rule 8(c)(1), it functions as a statutory exclusion from coverage under the Act, not an affirmative defense. *See* 2026 WL 2542772, at *2. The Seventh Circuit's understanding of how Illinois law maps onto federal procedure is entitled to substantial deference.

Because, as *Cisneros* holds, Section 25(c) functions as a statutory exception to liability, not an affirmative defense, it need not be pleaded under Rule 8(c)(1). It follows that there is no obstacle to Meta invoking and pursuing that statutory exemption here.

Indeed, before the Order was issued, Plaintiff had served (i) written discovery requests seeking documents related to Meta's defenses generally and (ii) a Rule 30(b)(6) deposition notice focused specifically on Section 25(c). *See* Ex. A (Pl. First RFP served on Feb. 2, 2024), at Nos. 59–60, 62; Ex. B (Pl. First Amended Notice of Rule 30(b)(6) Deposition served on Sept. 19, 2025) at No. 24. Meta did not produce documents supporting its Section 25(c) defense or designate a Rule 30(b)(6) deponent given that the Order precluded Meta from pursuing that defense. However, Meta is prepared to promptly produce those documents and produce a Rule 30(b)(6) witness at an appropriate time should Plaintiff wish to take that deposition. And after that discovery takes place,

Meta is prepared to pursue appropriate means to seek judgment based on Section 25(c).[1]

## V. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court reconsider the Order and hold that Meta's defense based on BIPA Section 25(c) need not be pleaded as an affirmative defense and therefore that Meta may invoke and pursue the Section 25(c) exemption in this case.

DATED: October 14, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Gary S. Feinerman*
Gary S. Feinerman

*Attorney for Defendant Meta Platforms, Inc.*

---

[1] Meta no longer seeks reconsideration of the Order as it pertains to the Section 25(e) government contractor defense. If Plaintiff's opposition to this reconsideration motion addresses the merits of Meta's Section 25(c) defense, Meta will respectfully request the opportunity to reply.